IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| NANCY NAWAZ, IDIS F. SOBALVARRO, MARIELA LOPEZ, TANIA MORO, DR. LOLITA MCCARTHY, VENESSIA NORVIL, DIANA DEL RIO, YOLANDA FUGUET, ALEXIS FLOWERS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs<br><br>v.<br><br>DADE MEDICAL COLLEGE, INC., UNIVERSITY OF SOUTHERNMOST FLORIDA, INC., and ERNESTO PEREZ,<br><br>Defendants. | Case No. 1:15-cv-24129 |

**PLAINTIFFS' RESPONSE TO COURT'S ORDER FOR BRIEFING [D.E. 41]**

Pursuant to the Court's Order for Briefing dated December 2, 2015 [D.E. 41], Plaintiffs, NANCY NAWAZ, IDIS F. SOBALVARRO, MARIELA LOPEZ, TANIA MORO, DR. LOLITA MCCARTHY, VENESSIA NORVIL, DIANA DEL RIO, YOLANDA FUGUET, ALEXIS FLOWERS, MARILIA VAN KEEKEN, ALEJANDRA MOLINA, VIRGINIA HERNANDEZ, WILLIAM ORTA, ANA MONTANO, GUILLERMO CRUZ, DANIELA GOMEZ, MARIE JEROME, NELVA PUERTOLAS, LISSETTE PARADELA, MICHELLE OSES, MAYRA BOLOIX, MARIA PACHECO, CORAZON RICH, ELLEN BEDU, MANUEL COSTALES, LENSY LEON, EMILIA GONZALEZ, JESSICA PEREZ, OMAR BALBOA, EDWIN CARTER, JR., MAIBY BALBOA, TIFFANY SOSA, KATRINA BROOKS,

CAROLINA CHICA, LEOPOLD CHERRY, YOHANA RAVELO and CLARA VELOSA (collectively "Plaintiffs"),[1] respond as follows:

## I. INTRODUCTION

On November 13, 2015, the two corporate Defendants, Dade Medical College, Inc. ("DMC") and University of Southern Most Florida, Inc. ("USMF") (collectively, "DMC" and "USMF" referred to herein as "Defendants" or "Assignors") each irrevocably granted, assigned, conveyed, transferred, and set over all of their respective assets to Philip von Kahle ("Assignee"), including, but not limited to, all real property, fixtures, goods, stock, inventory, equipment, furniture, furnishings, accounts receivable, bank deposits, cash, promissory notes, cash value and proceeds of insurance policies, claims and demands belonging to the assignor, and all books, records, and electronic data pertaining to all such assets, wherever such assets may be located, except such assets as are exempt by law from levy and sale under an execution (herein after referred to as the "Assignment").  On that same date, the Assignee duly acknowledged and accepted the delivery of the Assignment, agreed to perform the duties imposed upon him as fiduciary pursuant to Chapter 727, Florida Statutes ("ABC Statutes"), and caused the filing of the petitions for the benefit of creditors in two separate actions (which have since been consolidated) in the Circuit Court for Miami-Dade County (*In re: Dade Medical College, Inc. et al., Case No. 2015-026592 CA 40 and Case No. 2015-026599 CA 40*).

Prior to the Assignment, the Assignors ran educational institutions providing associate and bachelor's degrees to individuals in the medical field. On October 30, 2015, without any notice whatsoever, the Assignors abruptly closed their doors leaving hundreds of employees

---

[1] To date, approximately 70 former employees have retained the undersigned firm to represent them with their claims against the Defendants. Pursuant to the Court's Notice of Court Procedure In Actions Brought Under the Fair Labor Standards Act and Referral to Magistrate Judge for Settlement Conference [D.E. 39], undersigned counsel will be filing on the behalf of those who are not named Plaintiffs and have not opted in their consent forms along with their affidavits.

without jobs as a result of the sudden shutdown. At the time of the Assignment, it was believed that approximately 390 employees were scattered over seven locations (Homestead, Coral Gables, Miami, Miami Lakes, Hollywood, West Palm Beach and Jacksonville), the majority of which were located in the South Florida area.

At the time of closings, Plaintiffs, along with other former employees, had worked but had not been paid for the work they had performed on behalf of Defendants from September 27, 2015 through October 30, 2015.[2] As a result of the Assignors' actions and omissions, the Plaintiffs, on their behalf and on behalf of others similarly situated, filed this matter to recover from the Assignors all past due and owing wages and damages under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"), and unpaid wages under Florida Statute § 448.008. *See* the Corrected Amended Complaint [D.E. 33] filed in this action.

Ten days after the commencement of these assignment cases, the Assignors, through counsel, filed a Suggestion of Assignment for the Benefit of Creditors [D.E. 40]. It appears that the Assignors are suggesting that the filing of the petitions for the assignment for the benefit of creditors in state court imposes an "automatic stay," pursuant to Section 727.105, FLA. STAT., as to Plaintiffs' claims before this Court. *See* Suggestion of Assignment for the Benefit of Creditors [D.E. 40] filed by Assignors in this action.

There is no requirement, however, for an automatic stay, nor is one warranted here. Section 727.105, FLA. STAT., contains no language that would require an automatic stay of this litigation against the Assignors simply because of the Assignment. Nor is there any state or federal

---

[2] Most, but not all, former employees had their last payroll check (covering the pay period of September 27, 2015 through October 10, 2015) bounce due to insufficient funds. None of the former employees were paid for the work they performed between October 11, 2015 and October 30, 2015.

court case that has held that an assignment for the benefit of creditors under Florida law imposes an automatic stay to the continuance of litigation against an assignor.

## II. ARGUMENT

Unlike the Federal Bankruptcy Code, Florida's Assignment for the Benefit of Creditors ("ABC") Statutes do not impose an automatic stay of proceedings against a bankrupt debtor availing itself of state law procedures for the administration of an insolvent estate. Under the ABC Statutes, proceedings cannot generally be commenced against an assignee. *See* § 727.105, FLA. STAT. The ABC Statutes also prohibit the "levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee." *Id.* Thus, its plain language makes clear that the statute only applies to actions or proceedings against the assignee or the estate assets. *See Let Miami Beach Decide v. City of Miami Beach*, 120 So. 3d 1282, 1289 (Fla. 3d DCA 2013) ("When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning."). There is simply no such prohibition, however, as to the commencement or continuation of the prosecution of any claim, action, or proceeding by any party against the assignor.

In 2007, the Florida Legislature revamped the ABC Statutes, including revising Section 727.105, FLA. STAT., to expand the stay to claims and causes of action belonging to the assignor under the statute's new definition of "assets". *See* s. 5, ch. 2007-185. Given that "the 'legislature is presumed to know the judicial constructions of a law when enacting a new version of that law' and 'the legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed in the new version'" the legislature would have made clear that it intended to impose an automatic stay of proceedings against a bankrupt debtor. *See Jones v. ETS of New Orleans, Inc.*, 793 So. 2d 912, 917 (Fla. 2001) (quoting *City of Hollywood v. Lombardi*, 770 So. 2d 1196, 1202 (Fla. 2000)). "It is, of course, a general principle of statutory

4

construction that the mention of one thing implies the exclusion of another; *expression unius est exclusion alterius*.... [so] where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned;" *see also Thayer v. State*, 335 So. 2d 815, 817 (Fla. 1976); *Young v. Progressive Se. Ins. Co.*, 753 So. 2d 80, 85 (Fla. 2000) ("Under the principle of statutory construction, *expression unius est exclusio alterius*, the mention of one thing implies the exclusion of another"). Therefore, when the Florida Legislature passed Chapter 2007-185, FLA. STAT., it presumably knew and recognized what type of stay was required under the ABC Statutes and opted to exclude assignors from the type of stay provided in Section 727.105, FLA. STAT. Clearly, it is within the Florida Legislature's province to limit the stay exclusively to actions or proceedings against assignees or assets of assignment estates.

Simply put, there is no stay in favor of the Assignors in the statutory scheme. The stay imposed by the ABC Statutes is limited and applies only to actions or proceedings against the Assignee (as the new holder of the assigned assets) or against the assets of the assignment estates that the Assignee now controls for the benefit of all creditors.[3] Indeed, on December 9, 2015, in an abundance of caution, the Plaintiffs filed a Motion for Authority to Proceed with Wages and Warn Act Federal Litigation Cases against the Assignors in the Circuit Court Case ("Motion for Authority"). A copy of the Motion is attached hereto as Exhibit "A." On December 10, 2015, Assignors, through their counsel, represented to counsel for Plaintiffs that Assignors had no

---

[3] Florida courts have determined that the limited statutory stay applies equally to competing claims owned by the assignment estate as an asset. *See Moffatt & Nichol, Inc. v. B.E.A. International Corp., Inc.*, 2010 WL 4103149 (Fla. 3d DCA 2010) (holding that competing fraudulent transfer claim against third party was stayed because once an assignment proceeding is instituted in which all assets are assigned, only the assignee has standing to pursue fraudulent transfer claims on behalf of the estate, otherwise, it would allow one creditor to improperly 'cut in line', in contravention of the spirit of the assignment statute). That is not the case here. These claims are not claims owned by the assignment estates against third parties. Rather, the Plaintiffs' claims are exclusively owned by them against the Assignors.

5

opposition to the Motion for Authority.[4] Thus, it is clear that the Assignment simply has no effect on Plaintiffs' causes of action against Assignors in this case and that an automatic stay of the proceeding against Assignors is improper.

### III. CONCLUSION

In the absence of statutory language in Section 727.105, FLA. STAT., or any other legal authority, requiring an automatic stay of this litigation against the Assignors as a result of the Assignment, the Plaintiffs should be able to continue to prosecute their claims against the Assignors. Allowing the liquidation of Plaintiffs' damages in this case will only serve to fix the appropriate amount of their employment claims. Accordingly, the Assignee, or the assignment estates that he represents, would not be prejudiced by allowing the Plaintiffs to continue their prosecution of this case solely for the purpose of, if appropriate, obtaining a judgment and liquidating their damages against the Assignors for an amount certain.

Respectfully submitted this 11th day of December, 2015.

By: /s/ Diane P. Perez
Diane P. Perez, Esq. (41869)
**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 985-5676
Facsimile: (305) 985-5677
E-mail: *diane@dianeperezlaw.com*
Attorney for Plaintiffs and the putative class
/s/ Kevin D. Smith
Kevin D. Smith, Esq. (0528137)
E-mail: *kevin@kdsmithlaw.com*

**LAW OFFICES OF KEVIN D. SMITH, P.A.**
6099 Stirling Road, Suite 101
Davie, Florida 33134
Telephone: (954) 797-9626
Facsimile: (954) 239-3956

---

[4] Counsel for the Assignee has yet to inform the undersigned counsel whether Assignee opposes the Motion for Authority.

6

Attorney for Plaintiffs and the putative class

## CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Diane P. Perez
Attorneys for Plaintiffs

### Service List

Dade Medical College, Inc. (via U.S. Mail)
C/O Jonathan R. Janeiro, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

University Of Southernmost Florida, Inc. (via U.S. Mail)
C/O Ernesto Perez, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

Ernesto Perez (via U.S. Mail)
1020 Sorolla Ave.
Coral Gables, FL 33134
Defendant