Exhibit "A"

Filing # 35367638 E-Filed 12/09/2015 07:23:00 PM

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA

COMPLEX BUSINESS LITIGATION DIVISION

In re:

DADE MEDICAL COLLEGE, INC., *et al.*

      Assignors,

To:

PHILIP VON KAHLE,

      Assignee.

_____/

CASE NO. 2015-026592-CA-40

CASE NO. 2015-026599-CA-40
(Jointly Administered Cases)

## FORMER EMPLOYEES' MOTION FOR AUTHORITY TO PROCEED WITH WAGES AND WARN ACT FEDERAL LITIGATION CASES AGAINST ASSIGNORS

COMES NOW, NANCY NAWAZ, IDIS F. SOBALVARRO, MARIELA LOPEZ, TANIA MORO, DR. LOLITA MCCARTHY, VENESSIA NORVIL, DIANA DEL RIO, YOLANDA FUGUET, ALEXIS FLOWERS, MARILIA VAN KEEKEN, ALEJANDRA MOLINA, VIRGINIA HERNANDEZ, WILLIAM ORTA, ANA MONTANO, GUILLERMO CRUZ, DANIELA GOMEZ, MARIE JEROME, NELVA PUERTOLAS, LISSETTE PARADELA, MICHELLE OSES, MAYRA BOLOIX, MARIA PACHECO, CORAZON RICH, ELLEN BEDU, MANUEL COSTALES, LENSY LEON, EMILIA GONZALEZ, JESSICA PEREZ, OMAR BALBOA, EDWIN CARTER, JR., MAIBY BALBOA, TIFFANY SOSA, KATRINA BROOKS, CAROLINA CHICA, LEOPOLD CHERRY, YOHANA RAVELO, CLARA VELOSA, FRANTZ BIEN-AIME, KEZIAH BRANDY, JESSICA BRAVO, JOSUE CINOR, ESTHER COHEN, PATRICIA CRUZ, LEE DUPREE, ALEJANDRO HERNANDEZ, MAYZA LEHRER, JULIAN MALDONADO, EVON MAY MARSH, MARYSAL MARTINEZ, JAVIER MARTINEZ, GUSTAVO MATHIEU, ANGES NUNOZ, OLUFUNKE O'NIYI,

LEYANI PEREZ, ANGELA PINZON, STEPHANIE RICHIE, REBECCA SIXTON, KRISTEN SMITH, and VELEK SPIVEY (collectively "Former Employees"), creditors in the above-styled action, hereby move for the entry of an Order allowing them to continue to prosecute and proceed only to judgment, as plaintiffs or potential opt-in plaintiffs in the cases styled *Nawaz, et al. v. Dade Medical College, Inc. et al.*, Case No. 1:15-24129-JAL ("Wage Case") and *Nawaz, et al. v. Dade Medical College, Inc., et al.*, Case No. 1:15-24108-PCH ("Warn Act Case")[1] against Dade Medical College, Inc. ("DMC") and University of Southernmost Florida ("USF"),[2] which are currently pending in the Miami Division of the United States District Court for the Southern District of Florida (the "Motion"). In support thereof, the Former Employees state the following:

1.      On November 13, 2015, DMC and USF each irrevocably granted, assigned, conveyed, transferred, and set over all of their respective assets to Philip von Kahle ("Assignee"), including, but not limited to, all real property, fixtures, goods, stock, inventory, equipment, furniture, furnishings, accounts receivable, bank deposits, cash, promissory notes, cash value and proceeds of insurance policies, claims and demands belonging to the assignor, and all books, records, and electronic data pertaining to all such assets, wherever such assets may be located, except such assets as are exempt by law from levy and sale under an execution (herein after referred to as the "Assignment"). On the same date, the Assignee duly acknowledged and accepted the delivery of the Assignment, agreed to perform the duties imposed upon him as fiduciary pursuant to Chapter 727, Florida Statutes ("ABC Statutes"), and caused the filing of the petitions for the benefit of creditors in the above-captioned cases. Copies of the petitions together with their

---

[1] The Wage Case and Warn Act Case will sometimes be collectively referred to herein as the "Federal Litigation Cases"

[2] DMC and USF are the assignors in the above captioned cases, and will sometimes be collectively referred to herein as the "Assignors."

respective assignment and oath of acceptance by the Assignee are attached hereto as **Composite Exhibit A**.

2.      Prior to the Assignment, the Assignors ran educational institutions providing associate and bachelor's degrees to individuals in the medical field, including offering degree programs in diagnostic cardiac sonography, diagnostic medical ultrasound, general radiologic technologist, massage therapy, medical assistant, medical billing and coding, nursing, phycology and physical therapist assistant.

3.      On October 30, 2015, without any notice whatsoever, DMC and USF abruptly closed their doors. Hundreds of employees were left without jobs as a result of the sudden shutdown by the Assignors. At the time of the Assignment, it is believed that approximately 390 full-time employees were scattered over seven locations and campuses, the majority of which were located in the South Florida area.  These events as well as others surrounding criminal acts of the Assignors' principal, Ernesto Perez, were widely reported in various news outlets.

4.      Prior to closing their operations, DMC and USF did not provide their employees with the required 60 calendar-day advanced notice for the mass layoffs prior to the abrupt shutdown, in violation of Worker Adjustment and Retraining Notification Act.[3] 29 U.S.C. §§ 2101 et seq. (the "WARN Act").  To make matters even worse, the employees were also owed back

---

[3]  The WARN Act requires most employers with 100 or more employees (including DMC and USF) to provide 60 calendar-day advance written notification to employees of any mass layoffs or shutdowns. *See* 29 U.S.C. §§ 2101 *et seq.*  Notably, the WARN Act and Fair Labor Standard Act ("FLSA") are silent as to the stay of any federal proceedings due to the commencement of a state law assignment for the benefit of creditors.  Moreover, federal labor laws preempt state statutes interfering with federal labor policy, including states interference with the federal protections afforded to employees against unjust discharge under the WARN Act or FLSA. *Michigan Canners & Freezers Ass'n v. Agric. Mktg. & Bargaining Bd.*, 467 U.S. 461, 469, 104 S. Ct. 2518, 81 L.Ed.2d 399 (1984) (preemption exists "'when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives'" of federal laws) (quotation omitted).  *See also Fernandez v. Belly, Inc.*, Case No. 6:05-cv-1074, 2006 U.S. Dist. LEXIS 101418, at *6-7 (M.D. Fla. May 4, 2006) (the "FLSA permits states to adopt higher standards than those established in the Act and preempts state law in this area only to the extent that state laws are less generous than the FLSA") (quoting *Cranford v. City of Slidell*, 25 F. Supp. 2d 727, 728 (E.D. La. 1998).

wages for services rendered to DMC and USF to the date of the closing, including those due and owing to the Former Employees.

5.      As a result of the Assignors' actions and omissions, the Former Employees filed the Federal Litigation Cases to recover from the Assignor all past due and owing wages and damages under the Warn Act for them and on behalf of others similarly situated as them.  Copies of the complaints filed by the Former Employees in the Federal Litigation Cases against the Assignors are attached hereto as **Composite Exhibit B**.

6.      Several days after the commencement of these assignment cases, the Assignors, through counsel, filed suggestions of assignments for the benefit of creditors in the Federal Litigation Cases.  Curiously, the Assignors appear to take the position that the filing of the petitions for the assignment for the benefit of creditors in the cases before this Court impose an "automatic stay" to the continuance of the Former Employee's labor claims in federal court pursuant Section 727.105 of the Florida Statutes.  Copies of the aforementioned notices are attached hereto as **Composite Exhibit C**.

7.      Under Florida's ABC Statutes, proceedings cannot generally be commenced against an **assignee**.  *See* § 727.105, FLA. STAT.  In addition, the ABC Statutes only prohibit the "levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee." *Id.* From its plain language, the statute only applies to actions or proceedings against the **assignee** or the **estate assets**.  "When the language of a statute is clear and unambiguous, the statute must be given its plain and ordinary meaning." *Let Miami Beach Decide v. City of Miami Beach*, 120 So. 3d 1282, 1289 (Fla. 3d DCA 2013) (quoting *Metro. Dade Cnty. v. Milton*, 707 So. 2d 913, 915 (Fla. 3d DCA 1998)).  There is no such

prohibition, however, as to the commencement or continuation of the prosecution of any claim, action, or proceeding by any party against the **assignor**.[4]

8.      Unlike the Bankruptcy Code, the ABC Statutes do not impose an automatic stay of proceedings against a bankrupt debtor availing itself of state law procedures for the administration of an insolvent estate like the ABC Statutes.  Simply put, there is no stay in favor of the Assignors in the statutory scheme. The stay imposed by the ABC Statutes is limited and applies only to actions or proceedings against the Assignee (as the new holder of the assigned assets), or against the assets of the assignment estates that the Assignee now controls for the benefit of all creditors.[5]

9.      Based on the foregoing, the Former Employees, in an abundance of caution, seek the entry of an Order for the limited purpose of allowing them to continue the prosecution of their Federal Litigation Cases to, if appropriate, obtain a judgment and liquidate their damages against

---

[4]  In 2007, the Florida Legislature revamped the ABC Statutes, including revising Section 727.105 to expand the stay to claims and causes of action belonging to the assignor under the statute's new definition of "assets". *See* s. 5, ch. 2007-185. In this context, "the 'legislature is presumed to know the judicial constructions of a law when enacting a new version of that law' and 'the legislature is presumed to have adopted prior judicial constructions of a law unless a contrary intention is expressed in the new version.'" *Jones v. ETS of New Orleans, Inc*., 793 So. 2d 912, 917 (Fla. 2001) (quoting *City of Hollywood v. Lombardi*, 770 So. 2d 1196, 1202 (Fla. 2000)). "It is, of course, a general principle of statutory construction that the mention of one thing implies the exclusion of another; *expression unius est exclusion alterius*.... [so] where a statute enumerates the things on which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned." *Thayer v. State*, 335 So. 2d 815, 817 (Fla. 1976); *Young v. Progressive Se. Ins. Co*., 753 So. 2d 80, 85 (Fla. 2000) ("Under the principle of statutory construction, *expression unius est exclusio alterius*, the mention of one thing implies the exclusion of another"). Therefore, when the Florida Legislature passed chapter 2007-185, it presumably knew and recognized what type of stay was required under the ABC Statutes, and opted to exclude assignors from the type of stay provided in Section 727.105. Clearly, it is within the Legislature's province to limit the stay exclusively to actions or proceedings against assignees or assets of assignment estates.

[5] Florida courts have determined that the limited statutory stay applies equally to competing claims owned by the assignment estate as an asset. *See Moffatt & Nichol, Inc. v. B.E.A. International Corp., Inc*., 2010 WL 4103149 (Fla. 3d DCA 2010) (holding that competing fraudulent transfer claim against third party was stayed because once an assignment proceeding is instituted in which all assets are assigned, only the assignee has standing to pursue fraudulent transfer claims on behalf of the estate, otherwise, it would allow one creditor to improperly 'cut in line', in contravention of the spirit of the assignment statute). That is not the case here. The Federal Litigation Cases are not claims owned by the assignment estates against third parties. Rather, the Former Employee's federal labor claims are exclusively owned by them against the Assignors.

the Assignors. They are not asking for any relief against the Assignee or any of the assets of the assignment estate that he now represents. Pursuing the requested relief would also not run afoul from the claims procedures and priority of claims scheme. *See, generally,* §§ 727.112, .113 and .114, Fla. Stat. To the contrary, allowing the liquidation of the Former Employees' damages in the Federal Litigation Cases will only serve to fix the appropriate amount of their labor claims by an equally dignant court. Accordingly, the Assignee, or the assignment estates that he represents, would not be prejudiced by allowing the Former Employees to continue their prosecution of the Federal Litigation Cases solely for the purpose of, if appropriate, obtaining a judgment and liquidating their damages against the Assignors for an amount certain.

WHEREFORE, the Former Employees seek the entry of an Order granting the relief requested in this Motion, and any other and further relief that this Court deems just and proper.

Dated this 9th day of December, 2015.

> Sardi Law, PLLC
> *Co-Counsel for Former Employees*
> 225 Alcazar Avenue
> Coral Gables, FL 33134
> Tel.: (305) 697-8690
> Fax.: (305) 697-8691
>
>
> By: /s/ Carlos E. Sardi
>     Carlos E. Sardi, Esq.
>     Florida Bar No. 781401
>     Primary Email: carlos@sardilaw.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that the foregoing was filed electronically with the Clerk of the Court and served <u>9th</u> of December, 2015 electronically via the Court's E-Portal System and electronic mail upon the following parties:

Jordi Guso, Esq.
Berger Singerman
*Counsel for Assignee*
jguso@bergersingerman.com
drt@bergersingerman.com
fsellers@bergersingerman.com

Paul J. Battista, Esq.
Genovese Joblove & Battista
*Counsel for Assignor*
pbattista@gjb-law.com
jwilson@gjb-law.com

Allison R. Day, Esq.
Genovese Joblove & Battista
*Counsel for Assignor*
aday@gjb-law.com
hburke@gjb-law.com
scomer@gjb-law.com

Heather Harmon, Esq.
Genovese Joblove & Battista
*Counsel for Assignor*
hharmon@gjb-law.com
ekelly@gjb-law.com

Leyza F. Blanco, Esq.
GrayRobinson
*Counsel for U.S. Century Bank*
Leyza.Blanco@gray-robinson.com
Jennifer.Mahaffey@gray-robinson.com
Amador.Ruiz-Baliu@gray-robinson.com

Philip Von Kahle
*Assignee*
notices@moecker.com

Diane P. Perez
Diane Perez, P.A.
*Co-Counsel for Former Employees*
diane@dianeperezlaw.com

Kevin D. Smith
Law Offices of Kevin D. Smith
*Co-Counsel for Former Employees*
kevin@kdsmithlaw.com

Robert Levine, Esq.
Levine & Partners, P.A.
*Counsel for Historic Homestead Holdings, Ltd., LLLP*
rjl@levinelawfirm.com
adp@levinelawfirm.com

Griselle T. Carbonell, Esq.
GCC Law Center, LLC
*Counsel for East Continental Supplies, Inc.*
gigi@gcclawcenter.com
service@gcclawcenter.com
service2@gcclawcenter.com

Garry J. Alhalel, Esq.
garry@gjapa-law.com
service@gjapa-law.com

Joanne Galfand, Esq.
Akerman LLP
*Counsel for South Fla. Equities REIT*
joanne.gelfand@akerman.com

Scott M. Behren, Esq.
Behren Law Firm
*Counsel for Maria Miranda*
scott@behrenlaw.com
scott.behren@gmail.com

SARDI LAW, PLLC
*Co-Counsel for Former Employees*
225 Alcazar Avenue
Coral Gables, FL 33134
Tel.: (305) 697-8690
Fax.: (305) 697-8691


By: /s/ Carlos E. Sardi
    Carlos E. Sardi, Esq.
    Florida Bar No. 781401
    Primary Email: carlos@sardilaw.com

Filing # 35367638 E-Filed 12/09/2015 07:23:00 PM

# COMPOSITE

# EXHIBIT A

Filing # 34451759 E-Filed 11/13/2015 04:53:29 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL   CIRCUIT   IN   AND   FOR
MIAMI-DADE COUNTY, FLORIDA

In re:

DADE MEDICAL COLLEGE, INC.,                    CASE NO.

          Assignor,

To:

PHILIP VON KAHLE,

          Assignee.

_____/

## PETITION COMMENCING ASSIGNMENT FOR THE BENEFIT OF CREDITORS

      Petitioner, Philip Von Kahle ("Assignee") as Assignee for the Benefit of Creditors of Dade Medical College, Inc. ("Assignor"), by and through his undersigned counsel, and in accordance with Chapter 727, Florida Statutes, respectfully shows:

      1.     This is a Petition Commencing Assignment for the Benefit of Creditors.

      2.     This Court has jurisdiction of the proceeding in accordance with the provisions of Florida Statutes Section 727 *et. seq.*

      3.     The Assignor maintains its principal place of business at 95 Merrick Way, Suite 700, Coral Gables, FL  33134.

      4.     The Assignee has offices located at 3613 North 29th Avenue, Hollywood, FL 33020.

      5.     The Assignor is indebted to the creditors and is unable to pay its debts and through this Assignment seeks to provide for the payment of said debts within its resources.

      6.     A copy of the Assignment, including schedules of assets and liabilities, is attached hereto as Exhibit A.

6784249-1

WHEREFORE, Petitioner prays for relief through entry of an Assignment for the Benefit of Creditors under Chapter 727, Florida Statutes.

Dated:  November 13, 2015

Respectfully submitted,

BERGER SINGERMAN LLP
*Proposed Counsel for Assignee*
1450 Brickell Avenue, Ste. 1900
Miami, FL  33131
Telephone: (305) 755-9500
Facsimile: (305) 714-4340

By:   */s/ Jordi Guso*
      Jordi Guso
      Florida Bar No. 863580
      jguso@bergersingerman.com

# EXHIBIT A

## ASSIGNMENT

**ASSIGNMENT**, made on this _____13_____ day of November, 2015 between Dade Medical College,

Inc., a Florida corporation, with a principal place of business at 95 Merrick Way, Suite 700, Coral

Gables, Florida 33134 (hereinafter "ASSIGNOR") and Philip Von Kahle of Michael Moecker &

Associates, Inc., whose address is 3613 North 29th Avenue, Hollywood, Florida, 33020, (hereinafter

"ASSIGNEE").

WHEREAS, the ASSIGNOR has been engaged in the business of providing medical courses and

degrees as a for-profit educational facility.

WHEREAS, the ASSIGNOR is indebted to creditors, as set forth in Schedule A annexed hereto,

is unable to pay its debts as they become due, and is desirous of providing for the payment of its debtors,

so far as it is possible by an assignment of all of its assets for that purpose.

NOW, THEREFORE, the ASSIGNOR, in consideration of the ASSIGNEE'S acceptance of this

Assignment, and for other good and valuable consideration, hereby grants, assigns, conveys, transfers,

and sets over, unto the ASSIGNEE, his successors and assigns, all of its assets, except such assets as

are exempt by law from levy and sale under and execution, including, but not limited to, all real

property, fixtures, goods, stock, inventory, equipment, furniture, furnishings, accounts receivable, bank deposits, cash, promissory notes, cash value and proceeds of insurance policies, claims and demands belonging to the ASSIGNOR, and all books, records, and electronics data pertaining to all such assets, wherever such assets may be located, hereinafter the "ESTATE," as which assets are, to the best knowledge and belief of the ASSIGNOR, set forth on Schedule B annexed hereto.

The ASSIGNEE shall take possession of, and protect and preserve, all such assets and administer the ESTATE in accordance with the provisions of Chapter 727, Florida Statutes, and shall liquidate the assets of the ESTATE with reasonable dispatch and convert the ESTATE into money, collect all claims and demands hereby assigned as may be collectible, and disbursements in connection with the execution and administration of this Assignment from the proceeds of such liquidation and collections.

The ASSIGNEE shall then pay and discharge in full, to the extent that funds are available in the ESTATE after payment of administrative expenses, costs, and disbursements, all of the debts and liabilities now due from the ASSIGNOR, including interest on such debts and liabilities.  If funds of the ESTATE shall not be sufficient to pay from funds of the estate such debts and liabilities, on a pro rata basis and in proportion to their priority as set forth in Section 727.114, Florida Statutes.

If all debt and liabilities are paid in full, any funds of the ESTATE remaining shall be returned to the ASSIGNOR.

To accomplish the purposes of this Assignment, the ASSIGNOR hereby appoints the ASSIGNEE its true and lawful attorney, irrevocable, with full power and authority to do all acts and things which may be necessary to execute the Assignment hereby created; to demand and recover from all persons all assets of the ESTATE; to sue for the recovery of such assets; to execute, acknowledge, and deliver all necessary deeds, instruments, and conveyances; and to appoint one or more attorneys under him to assist him in carrying out his duties under the Assignment.

The Assignor hereby authorizes the Assignee to sign the name of the Assignor to any check, draft, promissory note or other instrument in writing which is payable to the order of the Assignor

or to sign the name of the Assignor to any instrument in writing whenever it shall be necessary to do so to carry out the purpose of this Assignment.

The Assignee hereby accepts the trust created by the Assignment, and agrees with the Assignor that the Assignee with faithfully and without delay carry out his duties under the Assignment.

WITNESSES:

_____

_____                    By: Ernesto A. Perez
                                                   Director

WITNESSES:

_____

_____                    By: Philip Von Kahle, Assignee
                                                   3613 North 29th Avenue
                                                   Hollywood, FL 33020

STATE OF FLORIDA )

COUNTY OF *MIAMI-DADE*

THE FOREGOING Assignment was acknowledged before me on this _12_ day of November, 2015 by Ernesto A. Perez, the Director of Dade Medical College, Inc. as ASSIGNOR, who is personally known to me and who did not take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this _12_ day of November, 2015.

My commission expires:

_____

JEAN MARIE WILSON
Notary Public - State of Florida
Commission # FF 247004
My Comm. Expires Oct 25, 2019
Bonded through National Notary Assn.

STATE OF FLORIDA         )

COUNTY OF *BROWARD* )

THE FOREGOING Assignment for the Benefit of Creditors was acknowledged before me on this ___13th___ day of November, 2015 by Philip J. Von Kahle, of Michael Moecker & Associates, Inc. as Assignee, who is _personally known to me_ and who did not take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this ___13th___ day of November, 2015.

My commission expires:

NADIRA JOSEPH
Notary Public - State of Florida
My Comm. Expires Dec 11, 2017
Commission # FF 075791
Bonded Through National Notary Assn.

## OATH OF ASSIGNOR

KNOW ALL MEN BY THESE PRESENTS, that Dade Medical College, Inc., a Florida corporation, doing business in Miami-Dade County, Florida has executed an Assignment for the Benefit of Creditors ("Assignment") and that the true intention of the Assignment is to place in the hands of its Assignee all of its property of every description, except such property as is exempt by law from forced sale, to be divided among the creditors in proportion to their respective demands and legal right.

Witnesses:

**DADE MEDICAL COLLEGE, INC.**

By:    Ernesto A. Perez
Title:  Director

STATE OF FLORIDA      )

COUNTY OF *MIAMI-DADE*

BEFORE ME, the undersigned authority, duly authorized to take acknowledgements and administer oaths, personally appeared Ernesto A. Perez, as Debtor, who is personally known to me or who has produced _____ *N/A* _____ as identification and who did take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this *12* day of November, 2015.

My commission expires:

JEAN MARIE WILSON
Notary Public - State of Florida
Commission # FF 247004
My Comm. Expires Oct 25, 2019
Bonded through National Notary Assn.

## OATH OF ASSIGNEE

COMES NOW, Philip Von Kahle of Michael Moecker & Associates, Inc., the Assignee herein and duly acknowledges that the Assignee accepts delivery of the within Assignment and that they will duly perform the duties imposes upon the Assignee pursuant to Florida Statute Section 727.

By: Philip Von Kahle, Assignee

STATE OF FLORIDA )

COUNTY OF BROWARD )

THE FOREGOING Assignment for the Benefit of Creditors was acknowledged before me on this 13th day of NOVEMBER, 2015, by Philip Von Kahle of Michael Moecker & Associates, Inc., as Assignee, who is personally known to me or who has produced _____ _____ for identification and who did not take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this 13th day of November, 2015.

My commission expires:

NADIRA JOSEPH
Notary Public - State of Florida
My Comm. Expires Dec 11, 2017
Commission # FF 075791
Bonded Through National Notary Assn.

## VERIFICATION OF ASSIGNMENT AND SCHEDULES BY ASSIGNOR

The undersigned, Ernesto A. Perez of Dade Medical College, Inc. hereby verifies the assignment of all of its rights, title and interest in and to all of its assets, as indicated on the attached Schedules to that Assignment as filed with this court on _____, 2015 and further verifies each of the facts set forth in the Schedules annexed to the Assignment to the best of my knowledge and belief.

_____

Name: Ernesto A. Perez
Position with Assignor: Director

STATE OF FLORIDA              )

COUNTY OF _miami_-ᴅᴀᴅᴇ     )

Sworn to and subscribed on this _12_ day of November, 2015 by Ernesto A. Perez as Director of Dade Medical College, Inc., who is personally known to me or who has produced ____N/A____ as identification and who did take an oath as to the truth of the facts contained in the foregoing Assignment and Schedules, as amended.

My commission expires:

_____
Signature

_____
Print Name

JEAN MARIE WILSON
Notary Public - State of Florida
Commission # FF 247004
My Comm. Expires Oct 25, 2019
Bonded through National Notary Assn.

## ACCEPTANCE OF ASSIGNMENT

The undersigned, Philip Von Kahle of Michael Moecker & Associates, Inc., the Assignee herein, duly acknowledges that the Assignee accepts delivery of the assignment and that he or she will duly perform the duties imposed upon the Assignee pursuant to chapter 727, Florida Statutes.

Assignee

By: _____
        Philip Von Kahle

STATE OF FLORIDA          )

COUNTY OF BROWARD )

Sworn to and subscribed on this ___13th___ day of November, 2015, by Philip Von Kahle of Michael Moecker & Associates, Inc., who is personally known to me and who did not take an oath as to the Acceptance of the Assignment.

My commission expires:

NADIRA JOSEPH
Notary Public - State of Florida
My Comm. Expires Dec 11, 2017
Commission # FF 075791
Bonded Through National Notary Assn.

_____
Signature

_____
Print Name

## SCHEDULE A - CREDITOR LIST
## Dade Medical College, Inc.

**I.    SECURED CREDITORS:**

NAME AND ADDRESS          AMOUNT          COLLATERAL          DISPUTED

Please see attached schedule of parties that filed UCC's

U.S. Century Bank                    Balance:  $4,784,293.12
c/o Leyza Blanco, Esq.
Gray Robinson
333 SE 2nd Ave #3200
Miami, FL 33131

The Magic Circle, Inc.               Balance: $672,369.00 (estimated/disputed)
PO Box 1196                          112 N. Krome Ave/134 N. Krome Ave
Homestead, FL 33090

Historic Homestead Management Corp.  Balance:  $1,486,892.00 (estimated/disputed)
3350 Mary Street                     240 & 250 N. Krome Ave./47 NW 3 St
Miami, FL 33133

**II.    WAGES OWED:  A confidential list will be provided to the Assignee**

NAME AND ADDRESS          AMOUNT          COLLATERAL          DISPUTED

**III.    CONSUMER DEPOSITS:**  Unknown

**IV.    LIST OF ALL TAXES OWED:**    Please see attached schedule of Taxing Authorities

**V.    UNSECURED CLAIMS OWED:** $2,573,315.37

**VI.    LEASES:**

NAME AND ADDRESS          AMOUNT          COLLATERAL          DISPUTED

South Florida Equities REIT              Amount:  Unknown
c/o USAA Real Estate
San Antonio, TX

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

Hayday, Inc.                                    Amount:  Unknown
401 NW 38th Court
Miami, FL  33126

ModSpace                                        Amount:  Unknown
5000 NW 72nd Avenue
Miami, FL  33166

ModSpace                                        Amount:  Unknown
5000 NW 72nd Avenue
Miami, FL  33165

Miami Lakes Center LLC                          Amount:  Unknown
16600 NW 57th Ave
Miami Lakes, FL 33104

NG Shoppes at Cresthaven LLC                    Amount:  Unknown
c/o the Nightingale Group LLC
1430 Broadway, Suite 1605
New York, NY 10018

Florida Education Center                        Amount:  Unknown
1216 Milan Avenue
Coral Cables, FL  33134

University of Southernmost Florida              Amount:  Unknown
Regency Tower LLC
9550 Regency Square Blvd
Jacksonville, FL 32225

Hollywood Commons, LLC                          Amount:  Unknown
c/o Milbrook Properties, Ltd.
42 Bayview Avenue
Manhasset, NY  11030


Equipment lessors with UCC's are listed under the schedule of secured creditors.   Contract
counterparties without UCC's are listed under the schedule of unsecured creditors.

## VII.    OWNERS OR SHAREHOLDERS:

NAME AND ADDRESS                                    PERCENT OF OWNERSHIP

2012 M.G. Irrevocable Trust                                20%
c/o Miriam Gilmore, Trustee
95 Merrick Way
Suite 700
Miami, FL 33134

2012 Perez Descendants Trust                               20%
c/o Miriam Gilmore, Trustee
95 Merrick Way
Suite 700
Miami, FL 33134


Ernesto A. Perez                                           60%
95 Merrick Way
Suite 700
Miami, FL 33134


## VIII.   PENDING LITIGATION AND OPPOSING COUNSEL OF RECORDS:

STYLE                        PARTIES                  OPPOSING COUNSEL OF RECORD

Please see attached Litigation Schedule

Dade Medical College, Inc.
UCC Schedule

| Creditor | Debtor | Date Filed | Collateral Description |
|---|---|---|---|
| American Student Financial Group, Inc. | Dade Medical College, Inc. | 5/27/2014 | All Debtor's present and future right, title and interest in each Program Subsidy Loan made by Debtor pursuant to the Tuition Loan Program Agreement dated December 19, 2013 |
| American Student Financial Group, Inc. | Dade Medical College, Inc. | 8/12/2014 | All Debtor's present and future right, title and interest in each Purchased Account sold by Debtor pursuant to the Educational Account Portfolio Purchase and Sale Agreement dated December 19, 2013 |
| CHTD Company | Dade Medical College, Inc. | 6/1/2015 | 30 pieces of ultrasound equipment and transducers |
| Clinomed, Inc. | Dade Medical College, Inc. | 1/30/2015 | Specific list of small medical products and instruments sold to Jacksonville location on 1/29/15 |
| Clinomed, Inc. | Dade Medical College, Inc. | 3/4/2015 | Appears to be a duplicate of 1/30/15 UCC filed.  No detail attached, but same invoice number referenced. |
| De Lage Landen Financial Services, Inc. | Dade Medical College, Inc. | 9/11/2012 | Mammogram machine and software |
| Dell Financial Services L.L.C. | Dade Medical College, Inc. | 2/8/2012 | Computer equipment, peripherals and other equipment (Lease #001-7984337-005) dated 2/2/12 |
| General Electric Capital Corporation | Dade Medical College, Inc. | 5/5/2011 | Golf Carts |
| Konica Minolta Business Solutions USA, Inc. | Dade Medical College, Inc. | 10/18/2012 | Various copy machines |
| LEAF Capital Funding, LLC | Dade Medical College, Inc. | 6/13/2012 | Mitel phone system |
| Royal Bank America Leasing | Dade Medical College, Inc. | 4/13/2011 | Birthing simulators |
| TotalBank | Dade Medical College, Inc. | 1/31/2011 | All assets of Debtor |
| TotalBank | Dade Medical College, Inc. | 12/2/2011 | All existing and future assets of Debtor |
| U.S. Century Bank | Dade Medical College, Inc. | 7/5/2013 | All assets of Debtor |

Page 1 of 2

Dade Medical College, Inc.
UCC Schedule

| Creditor | Debtor | Date Filed | Collateral Description |
|---|---|---|---|
| U.S. Century Bank | Dade Medical College, Inc. | 7/5/2013 | All assets of Debtor |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 1/18/2013 | (1) Grandma Manikin, (2) Birthing Simulators and (3) various medical office equipment purchased on 11/5/12 |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 2/14/2012 | Ten ultrasound systems - Serial numbers specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 2/25/2013 | Various office electronic equipment purchased 1/9/13 and various office furniture purchased 2/1/13 - invoices specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 3/8/2012 | Various office furniture purchased 3/1/12 - invoice specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 3/21/2012 | Various electronic equipment purchased 3/14/12 - Invoice specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 5/14/2013 | Various medical office furniture purchased 11/16/12 and electronic office equipment purchased February/March 2013 - invoices specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 6/14/2013 | Various electronic equipment purchased September 2012 - invoice specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 6/18/2013 | Various office furniture purchased 1/11/13 - invoice specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 9/12/2012 | Various office furniture purchased 8/29/12 - invoice specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 10/1/2012 | Various electronic and medical equipment purchased 10/4/12 - invoices specified |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 10/28/2011 | Birthing simulators |
| Wells Fargo Equipment Finance, Inc. | Dade Medical College, Inc. | 12/19/2011 | Birthing simulators |

| Government and Taxing Authorities | Amount |
|---|---|
| Miami-Dade Tax Collector<br>200 NW 2nd Avenue<br>Miami, FL 33128 | Unknown – Notice Only |
| Internal Revenue Service<br>Special Procedures – Insolvency<br>7850 SW 6th Court<br>Plantation, Florida 33324 | Unknown – Notice Only |
| State of Florida<br>Department of Revenue<br>c/o Frederick F. Rudzik<br>PO Box 6668<br>Tallahassee, Florida 32314 | Unknown – Notice Only |
| United States Department of Education<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202 | Unknown – Notice Only |
| Florida Department of Education<br>Turlington Building<br>325 West Gaines Street<br>Suite 1514<br>Tallahassee, FL 32399 | Unknown – Notice Only |
| Palm Beach County Tax Collector<br>301 N. Olive Ave.<br>PO Box 3715<br>West Palm Beach, FL 33402 | Unknown – Notice Only |
| Broward County Tax Collector<br>1800 N.W. 66 Ave., Suite 100<br>Plantation, FL 33313 | Unknown – Notice Only |
| Duval County Tax Collector<br>231 E. Forsyth Street<br>Jacksonville, FL 32202 | Unknown – Notice Only |

| Case Style | Case Number | Counsel of Record |
|---|---|---|
| Carter Pritchett Hodges, Inc.<br>v.<br>Dade Medical College, Inc. | 14-025805-CA-34<br>Miami-Dade County Circuit Court | Garry J. Alhalel, Esq.<br>Garry J. Alhalel, P.A.<br>25 S.E. 2nd Avenue, Suite 1045<br>Miami, Florida 33131<br>Telephone: (305) 374-8197<br>Attorneys for Plaintiff<br><br>Michael J. Corey, Esq.<br>Obront Corey, PLLC<br>200 S. Biscayne Boulevard, Suite 2940<br>Miami, FL 33131<br><br>Jonathan Janeiro, Esq.<br>95 Merrick Way<br>Suite 700<br>Coral Gables, FL 33134<br>Attorneys for Defendant |
| De Lage Landen Financial Services, Inv.<br>v.<br>Dade Medical College, Inc. | 14-cv-04838-JP<br>USDC<br>Eastern Distriot of Pennsylvania<br>(Philadelphia) | Matthew P. Faranda-Diedrich, Esq.<br>Dilworth Paxson, LLP<br>1500 Market Street, Ste 3500E<br>Philadelphia, PA 19102<br>Telephone: (215) 575-7000 |
| De Lage Landen Financial Services, Inv.<br>v.<br>Dade Medical College, Inc. | 15-017212-CA-09<br>Miami-Dade County Circuit Court | |
| American Student Financial Group, Inc. v.<br>Dade Medical College, Inc., University of Southernmost Florida, Inc.,<br>Ernesto A. Perez, Chris Gressett and Does 1-20 | 15CV0367 JLS JLB<br>USDC Southern District of California | Alan Vanderhoff, Esq.<br>Vanderhoff Law Group<br>401 B Street, Ste. 1470<br>San Diego, California 92101<br>Telephone: (619) 299-2050<br>Attorneys for Plaintiff<br><br>Lisa S. Yun, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway<br>19th floor<br>San Diego, CA<br>(619) 338-6541<br>Attorneys for Defendant Dade Medical College, Inc. |
| Historie Homestead Holdings, Ltd., LLP v. Atala Montessori School for Creative Expression, LLC, Dade Medical College, Inc., De Lage Landen Financial Services, Inc. and Ernesto A. Perez | 15-0257140 CA 21<br>Miami-Dade County Circuit Court | Robert J. Levine, Esq.<br>1110 Brickell Ave.<br>Suite 700<br>Miami, FL 33131<br>Attorneys for Plaintiff |
| Dade Medical College, Inc. v. Juan Mendieta | 14-03866-CA-30<br>Miami-Dade County Circuit Court | Joseph P. Klock, Jr., Esq.<br>Juan Carlos Antorcha. Esq.<br>Miguel A. Morel, Esq.<br>Rasco Klock Perez & Nieto<br>283 Catalonia Avenue<br>Coral Gables, Florida 33134<br>Telephone: (305) 476-7105 |

| Case Style | Case Number | Counsel of Record |
|---|---|---|
| Maria Miranda v. Dade Medical College, Inc. | 15-000617-CA-01<br>Miami-Dade County Circuit<br>Court | Scott M. Behren, Esq.<br>Behren Law Firm<br>2983 Executive Park Drive<br>Suite 110<br>Weston, Florida 33331<br>Attorneys for Plaintiff<br><br>Michael J. Corey, Esq.<br>Obront Corey, PLLC<br>Southeast Financial Center<br>200 South Biscayne Blvd, Suite 2490<br>Miami, Florida 33131<br>Telephone: (305) 373-1040<br>Attorneys for Defendant |
| Francisco Jesus Muchuli Montalvo v. Dade Medical College, Inc. | 15-025989-CA-40<br>Miami-Dade County Circuit<br>Court | David A. Rothstein, Esq.<br>Dimond Kaplan & Rothstein, P.A.<br>2665 S. Bayshore Dr.<br>Penthouse 2B<br>Miami, FL 33133 |
| Nancy Nawaz, Idis F. Sobalavarro, Mariela Lopez, Tania Moro, Dr. Lolita Mccarthy, Venessia Norvil, Diana Del Rio, Yolanda Fuguet, and Alexis Flowers<br>v.<br>Dade Medical College, Inc. and University Of Southernmost Florida, Inc. | 15CV24108<br>USDC Southern District of Florida | Diane P. Perez, Esq.<br>Diane P. Perez, P.A.<br>201 Alhambra Circle<br>Suite 1200<br>Coral Gables, Florida 33134<br>Telephone: (305) 985-5676<br><br>Attorney for Plaintiff |
| W J X X Gannett Co., Inc. v. Dade Medical College, Inc. | 14-019191-CC-23<br>Miami-Dade County Court | Ravi Batta, Esq.<br>Rosenfeld Stein Batta, P.A.<br>21490 W Dixie Hwy<br>Aventum, FL 33180-1144 |

## SCHEDULE B – LIST OF ASSETS

List each category of assets and for each give approximate value obtainable for the assets on the date of the Assignment, and address where assets are located.

| DESCRIPTION | LIQUIDATION VALUE AT DATE OF ASSIGNMENT |
|---|---|

**I.     NONEXEMPT PROPERTY:**

1.     REAL ESTATE/Legal Description/Street Address/leasehold interest.

112 N. Krome Ave.                                      Value: Unknown
Homestead, FL
Folio: 10-7813-018-0040

134 N. Krome Ave.                                      Value:  Unknown
Homestead, FL
Folio: 10-7813-018-0030

240 & 250 N. Krome Ave./47 NW 3 St.          Value:  Unknown
Homestead, FL
Folios:

10-7813-016-0045
10-7813-016-0050
10-7813-016-0150
10-7813-015-0140

2.     FURNITURE/FIXTURES:

(all values at net book value)

| | |
|---|---|
| Furniture and Fixtures: | $347,358.10 |
| Computers and Equipment: | $385,620.91 |
| Medical Equipment: | $807,175.38 |
| Vehicles: | $25,476.34 |
| Software: | $9,458.60 |

3.     CASH AND BANK ACCOUNTS:

| | |
|---|---|
| U.S. Century Bank: | $0.00 |
| Wells Fargo Bank: | $0.00 |

4.    INVENTORY:

See No. 2

5.    ACCOUNTS RECEIVABLE

Accounts Receivable                           Estimated Value:  $100,000.00

6.    PREPAID EXPENSES, including deposits, insurance, rents, utilities

Unknown

7.    OTHER, including loans to third parties, claims, chooses in action.

Various Notes Receivable:                     Estimated Value:  $422,419.80

**II.    EXEMPT PROPERTY:**

NONE

Filing # 34452994 E-Filed 11/13/2015 05:06:19 PM

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

In re:

UNIVERSITY OF SOUTHERNMOST                    CASE NO.
FLORIDA, INC.,

      Assignor,

To:

PHILIP VON KAHLE,

      Assignee.

_____/

## PETITION COMMENCING ASSIGNMENT FOR THE BENEFIT OF CREDITORS

Petitioner, Philip Von Kahle ("Assignee") as Assignee for the Benefit of Creditors of University of Southernmost Florida, Inc. ("Assignor), by and through its undersigned counsel, and in accordance with Chapter 727, Florida Statutes, respectfully shows:

1.     This is a Petition Commencing Assignment for the Benefit of Creditors.

2.     This Court has jurisdiction of the proceeding in accordance with the provisions of Florida Statutes Section 727 *et. Seq.*

3.     The Assignor maintains its principal place of business at 95 Merrick Way, Suite 700, Coral Gables, FL 33134.

4.     The Assignee has offices located at 3613 North 29th Avenue, Hollywood, FL 33020.

5.     The Assignor is indebted to the creditors and is unable to pay its debts and through this Assignment seeks to provide for the payment of said debts within its resources.

6.      A copy of the Assignment, including schedules of assets and liabilities, is attached

hereto as Exhibit A.

WHEREFORE, Petitioner prays for relief through entry of an Assignment for the Benefit

of Creditors under Chapter 727, Florida Statutes.

Dated:  November 13, 2015                    Respectfully submitted,

                                             BERGER SINGERMAN LLP
                                             *Proposed Counsel for Assignee*
                                             1450 Brickell Avenue, Ste. 1900
                                             Miami, FL  33131
                                             Telephone: (305) 755-9500
                                             Facsimile: (305) 714-4340

                                             By:    */s/ Jordi Guso*
                                                    Jordi Guso
                                                    Florida Bar No. 863580
                                                    jguso@bergersingerman.com

printing document

11/17/15, 1:06 PM

## EXHIBIT A

## ASSIGNMENT

ASSIGNMENT, made on this _____ day of November, 2015 between University of Southernmost Florida, Inc., a Florida corporation, with a principal place of business at 95 Merrick Way, Suite 700, Coral Gables, Florida 33134 (hereinafter "ASSIGNOR") and Philip Von Kahle of Michael Moecker & Associates, Inc., whose address is 3613 North 29th Avenue, Hollywood, Florida, 33020, (hereinafter "ASSIGNEE").

WHEREAS, the ASSIGNOR has been engaged in the business of providing medical courses and degrees as a for-profit educational facility.

WHEREAS, the ASSIGNOR is indebted to creditors, as set forth in Schedule A annexed hereto, is unable to pay its debts as they become due, and is desirous of providing for the payment of its debtors, so far as it is possible by an assignment of all of its assets for that purpose.

NOW, THEREFORE, the ASSIGNOR, in consideration of the ASSIGNEE'S acceptance of this Assignment, and for other good and valuable consideration, hereby grants, assigns, conveys, transfers, and sets over, unto the ASSIGNEE, his successors and assigns, all of its assets, except such assets as are exempt by law from levy and sale under and execution, including, but not limited to, all real property, fixtures, goods, stock, inventory, equipment, furniture, furnishings, accounts receivable, bank deposits

property, fixtures, goods, stock, inventory, equipment, furniture, furnishings, accounts receivable, bank deposits, cash, promissory notes, cash value and proceeds of insurance policies, claims and demands belonging to the ASSIGNOR, and all books, records, and electronics data pertaining to all such assets, wherever such assets may be located, hereinafter the "ESTATE," as which assets are, to the best knowledge and belief of the ASSIGNOR, set forth on Schedule B annexed hereto.

The ASSIGNEE shall take possession of, and protect and preserve, all such assets and administer the ESTATE in accordance with the provisions of Chapter 727, Florida Statutes, and shall liquidate the assets of the ESTATE with reasonable dispatch and convert the ESTATE into money, collect all claims and demands hereby assigned as may be collectible, and disbursements in connection with the execution and administration of this Assignment from the proceeds of such liquidation and collections.

The ASSIGNEE shall then pay and discharge in full, to the extent that funds are available in the ESTATE after payment of administrative expenses, costs, and disbursements, all of the debts and liabilities now due from the ASSIGNOR, including interest on such debts and liabilities.  If funds of the ESTATE shall not be sufficient to pay from funds of the estate such debts and liabilities, on a pro rata basis and in proportion to their priority as set forth in Section 727.114, Florida Statutes.

If all debt and liabilities are paid in full, any funds of the ESTATE remaining shall be returned to the ASSIGNOR.

To accomplish the purposes of this Assignment, the ASSIGNOR hereby appoints the ASSIGNEE its true and lawful attorney, irrevocable, with full power and authority to do all acts and things which may be necessary to execute the Assignment hereby created; to demand and recover from all persons all assets of the ESTATE; to sue for the recovery of such assets; to execute, acknowledge, and deliver all necessary deeds, instruments, and conveyances; and to appoint one or more attorneys under him to assist him in carrying out his duties under the Assignment.

The Assignor hereby authorizes the Assignee to sign the name of the Assignor to any check,

or to sign the name of the Assignor to any instrument in writing whenever it shall be necessary to do so to carry out the purpose of this Assignment.

The Assignee hereby accepts the trust created by the Assignment, and agrees with the Assignor that the Assignee with faithfully and without delay carry out his duties under the Assignment.

WITNESSES:

By:     Ernesto A. Perez
        CEO & Director

WITNESSES:

By: Philip Von Kahle, Assignee
3613 North 29th Avenue
Hollywood, FL 33020

STATE OF FLORIDA )

COUNTY OF _MIRADI · DADE_

**THE FOREGOING** Assignment was acknowledged before me on this _12_ day of November, 2015 by Ernesto A. Perez, the CEO & Director of University of Southernmost Florida, Inc. as ASSIGNOR, who is personally known to me and who did not take an oath for the purpose therein expressed.

**WITNESS** my hand and official seal in the County and State last aforesaid on this _12_ day of November, 2015.

_Jean Marie Wilson_

My commission expires:

JEAN MARIE WILSON
Notary Public - State of Florida
Commission # FF 247604
My Comm. Expires Oct 25, 2019
Bonded through National Notary Assn.

STATE OF FLORIDA        )

COUNTY OF _BROWARD_  )

**THE FOREGOING** Assignment for the Benefit of Creditors was acknowledged before me on this _13th_ day of November, 2015 by Philip J. Von Kahle, of Michael Moecker & Associates, Inc. as Assignee, who is personally known to me and who did not take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this _13th_ day of November, 2015.

My commission expires:

> NADIRA JOSEPH
> Notary Public - State of Florida
> My Comm. Expires Dec 11, 2017
> Commission # FF 075791
> Bonded Through National Notary Assn.

## OATH OF ASSIGNOR

KNOW ALL MEN BY THESE PRESENTS, that University of Southernmost Florida, Inc., a Florida corporation, doing business in Miami-Dade County, Florida has executed an Assignment for the Benefit of Creditors ("Assignment") and that the true intention of the Assignment is to place in the hands of its Assignee all of its property of every description, except such property as is exempt by law from forced sale, to be divided among the creditors in proportion to their respective demands and legal right.

UNIVERSITY OF SOUTHERNMOST FLORIDA, INC.

Witnesses:

By:     Ernesto A. Perez
Title:   CEO & Director

STATE OF FLORIDA          )

COUNTY OF *MIAMI - DADE*

BEFORE ME, the undersigned authority, duly authorized to take acknowledgements and administer oaths, personally appeared Ernesto A. Perez, as Debtor, who is personally known to me or who has produced _____ *N/A* _____ as identification and who did take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this _12_ day of November, 2015.

My commission expires:



## OATH OF ASSIGNEE

COMES NOW, Philip Von Kahle of Michael Moecker & Associates, Inc., the Assignee herein and duly acknowledges that the Assignee accepts delivery of the within Assignment and that they will duly perform the duties imposes upon the Assignee pursuant to Florida Statute Section 727.

By: Philip Von Kahle, Assignee

STATE OF FLORIDA        )

COUNTY OF BROWARD   )

THE FOREGOING Assignment for the Benefit of Creditors was acknowledged before me on this 13th day of November, 2015, by Philip Von Kahle of Michael Moecker & Associates, Inc., as Assignee, who is personally known to me or who has produced _____

_____for identification and who did not take an oath for the purpose therein expressed.

WITNESS my hand and official seal in the County and State last aforesaid on this 13th day of November, 2015.

My commission expires:

NADIRA JOSEPH
Notary Public - State of Florida
My Comm. Expires Dec 11, 2017
Commission # FF 075791
Bonded Through National Notary Assn.

## VERIFICATION OF ASSIGNMENT AND SCHEDULES BY ASSIGNOR

The undersigned, Ernesto A. Perez of University of Southernmost Florida, Inc. hereby verifies the assignment of all of its rights, title and interest in and to all of its assets, as indicated on the attached Schedules to that Assignment as filed with this court on _____, 2015 and further verifies each of the facts set forth in the Schedules annexed to the Assignment to the best of my knowledge and belief.

Name: Ernesto A. Perez
Position with Assignor: CEO & Director

STATE OF FLORIDA          )

COUNTY OF *Miami-Dade*          )

Sworn to and subscribed on this _12_ day of November, 2015 by Ernesto A. Perez as CEO & Director of University of Southernmost Florida, Inc., who is personally known to me or who has produced _____N/A_____ as identification and who did take an oath as to the truth of the facts contained in the foregoing Assignment and Schedules, as amended.

My commission expires:

JEAN MARIE WILSON
Notary Public - State of Florida
Commission # FF 247804
My Comm. Expires Oct 26, 2019
Bonded through National Notary Assn.

Signature

JEAN MARIE WILSON
Print Name

## ACCEPTANCE OF ASSIGNMENT

The undersigned, Philip Von Kahle of Michael Moecker & Associates, Inc., the Assignee herein, duly acknowledges that the Assignee accepts delivery of the assignment and that he or she will duly perform the duties imposed upon the Assignee pursuant to chapter 727, Florida Statutes.

Assignee

By: _____
Philip Von Kahle

STATE OF FLORIDA          )

COUNTY OF *BROWARD*          )

Sworn to and subscribed on this ___13th___ day of November, 2015, by Philip Von Kahle of Michael Moecker & Associates, Inc., who is personally known to me and who did not take an oath as to the Acceptance of the Assignment.

My commission expires:

> NADIRA JOSEPH
> Notary Public - State of Florida
> My Comm. Expires Dec 11, 2017
> Commission # FF 075791
> Bonded Through National Notary Assn.

_____
Signature

_____
Print Name

## SCHEDULE A - CREDITOR LIST
## University of Southernmost Florida, Inc.

**I.      SECURED CREDITORS:**

NAME AND ADDRESS               AMOUNT          COLLATERAL          DISPUTED

NONE

**II.      WAGES OWED:  A confidential list will be provided to the Assignee**

NAME AND ADDRESS               AMOUNT          COLLATERAL          DISPUTED

**III.      CONSUMER DEPOSITS:**  Unknown

**IV.      LIST OF ALL TAXES OWED:**     Please see attached schedule of Taxing Authorities

**V.      UNSECURED CLAIMS OWED:** $276,923.99

Note payable to Dade Medical College, Inc. in the amount of $632,500.00 per Dade Medical College, Inc.'s audited financial statements as of December 31, 2014.

U.S. Century Bank                              Balance:  $4,784,293.12
c/o Leyza Blanco, Esq.
Gray Robinson
333 SE 2nd Ave #3200
Miami, FL 33131

**VI.      LEASES:**

NAME AND ADDRESS               AMOUNT          COLLATERAL          DISPUTED

Giralda PB, LLC                              Amount:  Unknown
2222 Ponce de Leon Blvd.
Suite 150
Coral Gables, FL 33134

Contract counterparties are listed under the schedule of unsecured creditors.

**VII.      OWNERS OR SHAREHOLDERS:**

NAME AND ADDRESS                              PERCENT OF OWNERSHIP

2012 M.G. Irrevocable Trust                              20%
c/o Miriam Gilmore, Trustee

2012 Perez Descendants Trust                                    20%
c/o Miriam Gilmore, Trustee
95 Merrick Way
Suite 700
Miami, FL 33134

Ernesto A. Perez                                               60%
95 Merrick Way
Suite 700
Miami, FL 33134

## VIII.   PENDING LITIGATION AND OPPOSING COUNSEL OF RECORDS:

| STYLE | PARTIES | OPPOSING COUNSEL OF RECORD |
|---|---|---|

Please see attached Litigation Schedule

| Government and Taxing Authorities | Amount |
| --- | --- |
| Miami-Dade Tax Collector<br>200 NW 2nd Avenue<br>Miami, FL 33128 | Unknown – Notice Only |
| Internal Revenue Service<br>Special Procedures – Insolvency<br>7850 SW 6th Court<br>Plantation, Florida 33324 | Unknown – Notice Only |
| State of Florida<br>Department of Revenue<br>c/o Frederick F. Rudzik<br>PO Box 6668<br>Tallahassee, Florida 32314 | Unknown – Notice Only |
| United States Department of Education<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202 | Unknown – Notice Only |
| Florida Department of Education<br>Turlington Building<br>325 West Gaines Street<br>Suite 1514<br>Tallahassee, FL 32399 | Unknown – Notice Only |
| Palm Beach County Tax Collector<br>301 N. Olive Ave.<br>PO Box 3715<br>West Palm Beach, FL 33402 | Unknown – Notice Only |
| Broward County Tax Collector<br>1800 N.W. 66 Ave., Suite 100<br>Plantation, FL 33313 | Unknown – Notice Only |
| Duval County Tax Collector<br>231 E. Forsyth Street<br>Jacksonville, FL 32202 | Unknown – Notice Only |

| Case Style | Case Number | Counsel of Record |
|---|---|---|
| American Student Financial Group, Inc. v.<br>Dade Medical College, Inc., University of Southernmost Florida, Inc., Ernesto A. Perez, Chris Gressett and Does 1-20 | 15CV0367 JLS JLB<br>USDC Southern District of California | Alan Vanderhoff, Esq.<br>Vanderhoff Law Group<br>401 B Street, Ste. 1470<br>San Diego, California 92101<br>Telephone: (619) 299-2050<br>Attorneys for Plaintiff<br><br>Lisa S. Yun, Esq.<br>Sheppard Mullin Richter & Hampton LLP<br>501 West Broadway<br>19th floor<br>San Diego, CA<br>(619) 338-6541<br>Attorneys for Defendant Dade Medical College, Inc. |
| Nancy Nawaz, Idis F. Sobalavarro, Mariela Lopez, Tania Moro, Dr. Lolita Mccarthy, Venessia Norvil, Diana Del Río, Yolanda Fuguet, and Alexis Flowers<br>v.<br>Dade Medical College, Inc. and<br>University Of Southernmost Florida, Inc. | 15CV24108<br>USDC Southern District of Florida | Diane P. Perez, Esq.<br>Diane P. Perez, P.A.<br>201 Alhambra Circle<br>Suite 1200<br>Coral Gables, Florida 33134<br>Telephone: (305) 985-5676<br><br>Attorney for Plaintiff |

## SCHEDULE B - LIST OF ASSETS

List each category of assets and for each give approximate value obtainable for the assets on the date of the Assignment, and address where assets are located.

**DESCRIPTION**                          **LIQUIDATION VALUE AT DATE**
                                              **OF ASSIGNMENT**

### I.      NONEXEMPT PROPERTY:

1.      REAL ESTATE/Legal Description/Street Address/leasehold interest.

NONE

2.      FURNITURE/FIXTURES:

(all values at net book value)

| | |
|---|---|
| Furniture and Fixtures: | $32,413.12 |
| Computers and Equipment: | $10,462.68 |
| Medical Equipment: | $105,481.50 |
| Misc. Equipment: | $2,573.68 |
| Software: | $0.00 |

3.      CASH AND BANK ACCOUNTS:

Bank of America

| | |
|---|---|
| xxxxxxxx8918 | $0.00 |
| xxxxxxxx7372 | $0.00 |
| xxxxxxxx7375 | $0.00 |
| xxxxxxxx7398 | $0.00 |
| xxxxxxxx7356 | $0.00 |
| xxxxxxxx7369 | $0.00 |
| US Century Bank | $0.00 |

4.      INVENTORY:

See No. 2

5.    ACCOUNTS RECEIVABLE

Accounts Receivable:                              Estimated Value:  $1,000.00

6.    PREPAID EXPENSES, including deposits, insurance, rents, utilities

Unknown

7.    OTHER, including loans to third parties, claims, chooses in action.

NONE

II.    **EXEMPT PROPERTY:**

NONE

printing document

11/17/15, 1:06 PM

Filing # 35367638 E-Filed 12/09/2015 07:23:00 PM

# COMPOSITE

# EXHIBIT  B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NANCY NAWAZ, IDIS F. SOBALVARRO,
MARIELA LOPEZ, TANIA MORO, DR.
LOLITA MCCARTHY, VENESSIA NORVIL,
DIANA DEL RIO, YOLANDA FUGUET,
ALEXIS FLOWERS, et al., on behalf of
themselves and all others similarly situated,
**Plaintiffs**

v.

DADE MEDICAL COLLEGE, INC.,
UNIVERSITY OF SOUTHERNMOST
FLORIDA, INC., and ERNESTO PEREZ,

**Defendants.**

Case No. 1:15-cv-24129

COLLECTIVE /CLASS ACTION
(AMENDED) COMPLAINT

## COLLECTIVE/CLASS ACTION (AMENDED) COMPLAINT

Plaintiffs, NANCY NAWAZ, IDIS F. SOBALVARRO, MARIELA LOPEZ, TANIA

MORO, DR. LOLITA MCCARTHY, VENESSIA NORVIL, DIANA DEL RIO, YOLANDA

FUGUET, ALEXIS FLOWERS, MARILIA VAN KEEKEN, ALEJANDRA MOLINA,

VIRGINIA HERNANDEZ, WILLIAM ORTA, ANA MONTANO, GUILLERMO CRUZ,

DANIELA GOMEZ, MARIE JEROME, NELVA PUERTOLAS, LISSETTE PARADELA,

MICHELLE OSES, MAYRA BOLOIX, MARIA PACHECO, CORAZON RICH, ELLEN

BEDU, MANUEL COSTALES, LENSY LEON, EMILIA GONZALEZ, JESSICA PEREZ,

OMAR BALBOA, EDWIN CARTER, JR., MAIBY BALBOA, TIFFANY SOSA, KATRINA

BROOKS, CAROLINA CHICA, LEOPOLD CHERRY, YOHANA RAVELO and CLARA

VELOSA (collectively, "Plaintiffs"), on behalf of themselves and the class of those similarly

situated, sue Defendants, DADE MEDICAL COLLEGE, INC. ("Dade Medical College"),

UNIVERSITY OF SOUTHERNMOST FLORIDA, INC. ("University of Southernmost

CASE NO.: 1:15-cv-24129

Florida"), and ERNESTO PEREZ ("Defendant Perez") (collectively, Defendants"), for unpaid minimum wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and unpaid wages under Florida Statute § 448.008.

### Parties, Jurisdiction and Venue

1.      Plaintiffs are individuals and citizens of Florida, who at all material times hereto have resided in Miami-Dade County, Broward, Palm Beach and/or Duval Counties, Florida . Plaintiffs are over the age of 18 and otherwise *sui juris.*

2.      Plaintiffs are all former employees of Defendants and worked for Defendants throughout the state of Florida..

3.      Defendants have at all material times hereto owned a business operating in Miami-Dade, Broward, Duval, and Palm Beach Counties, Florida.

4.      Defendant Dade Medical College is a Florida corporation that at all times material conducted business throughout the state of Florida and maintained its headquarters at 95 Merrick Way, Suite 700, Coral Gables, FL 33134. At all times material, Defendant Dade Medical College also maintained and operated other facilities located at:

      (a)      3721-1 N.W. 7th Street, Miami, FL 33126 (the "Miami Campus");

      (b)      5875 N.W. 163rd Street, Suite 101, Miami Lakes, FL 33014 (the "Miami Lakes Campus");

      (c)      107 N. Krome Avenue, Homestead, FL 33030 (the "Homestead Campus");

      (d)      6837 Taft Street, Hollywood, FL 33024 (the "Hollywood Campus");

      (e)      2601 S. Military Trail, West Palm Beach, FL 33415 (the "West Palm Beach Campus"); and

(f)     9950 Regency Square Blvd., Suite 1200, Jacksonville, FL 32225 (the "Jacksonville Campus") (collectively, the "Dade Medical Campuses").

5.     Defendant University of Southernmost Florida is a Florida corporation that at all times material conducted business throughout the state of Florida and maintained its headquarters at 95 Merrick Way, Suite 700, Coral Gables, FL 33134. At all times material, it operated other facilities in Florida, including at 2222 Ponce de Leon Blvd., Suite 500, Coral Gables, FL 33134 (the "USMF Campus") (collectively, the "Dade Medical Campuses" and the "USMF Campus" referred to herein as the "Campuses").

6.     Both Defendant Dade Medical College and Defendant University of Southernmost Florida had common ownership, common directors and/or officers, and dependency of operations. Both Defendant Dade Medical College and Defendant University of Southernmost Florida also had unity of personnel policies, including, but not limited to, the same handbook (among other policies). Defendant Dade Medical College also exercised control over Defendant University of Southernmost Florida.

7.     At all times material to this Complaint, Defendants had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8.     Based upon information and belief, the annual gross sales volume of Defendants was in excess of $500,000.00 per annum at all times material hereto.

9.     At all times pertinent to this Complaint, Defendants were an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

10.     Defendant Perez is an individual and citizen of Florida, who at all material times hereto has resided in Miami-Dade County, Florida.

11.     At all times material hereto, Defendant Perez managed and/or operated Defendants and regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the rates of pay for employees and/or controlled the finances and operations of Defendants.  By virtue of such control and authority, Defendant Perez is an employer of Plaintiffs as such term is defined by the FLSA, 29 U.S.C. § 203(d).

12.     This action is brought to recover from Defendants unpaid minimum wage compensation, liquidated damages, unpaid wages (including accrued PTO and unpaid commissions and unreimbursed expenses), and costs, interest, and reasonable attorneys' fees under the provisions of the FLSA and Fla. Stat. § 448.110.

13.     Jurisdiction is conferred on the Court by 28 U.S.C. § 1337, 29 U.S.C. § 216(b), and 29 U.S.C. § 215(a)(3), and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

14.     Venue is appropriate in the U.S. District Court for the Southern District of Florida because Plaintiffs were employed in the Southern District of Florida by Defendants, which at all material times conducted and/or continue to conduct business in the Southern District of Florida and/or because the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida and because Defendants are subject to personal jurisdiction within the district.

## Collective/Class Action Allegations

15.     Plaintiff re-alleges, as if fully set forth herein, the allegations of paragraphs 1 through 14 above.

16.     Plaintiffs were employed by Defendants until October 30, 2015, when they were terminated from Defendants' facilities in a mass layoff and/or plant closing without any prior notice. At all times material, Defendants employed approximately 400 employees similarly situated to Plaintiff.

17.     For the two-week pay period beginning on September 27, 2015, and ending on October 10, 2015, Defendants issued paychecks to one or more Plaintiffs that were returned for insufficient funds. As a result, Plaintiffs incurred bank fees. To date, Defendants have yet to pay Plaintiffs compensation for the work they performed during such pay period.

18.     At all times material, Plaintiffs, Nancy Nawaz, Idis F. Sobalvarro, Mariela Lopez, Diana Del Rio, Yolanda Fuguet, Alexis Flowers, and Alejandra Molina were classified as non-exempt employees under the FLSA ("the Non-Exempt Plaintiffs").

19.     At all times material, Plaintiffs Tania Moro, Dr. Lolita McCarthy, Venessia Norvil, Marilia Van Keeken, William Orta, Ana Montano, Guillermo Cruz, Virginia Hernandez, Daniela Gomez, Marie Jerome, Nelva Puertolas, Lissette Paradela, and Michelle Oses were classified by Defendants as exempt employees under the FLSA ("the Exempt Plaintiffs").

20.     Between approximately September 27, 2015, through October 30, 2015, Defendants failed to properly pay both the Non-Exempt Plaintiffs and the Exempt Plaintiffs for all work they performed during that time period.

21.     Based upon information and belief, the records, if any, concerning the exact amount of hours actually worked by Plaintiffs and the compensation actually paid to Plaintiffs are in the possession and custody and control of Defendants. Because of that, Plaintiffs are unable to state at this time the exact amount owed to each Plaintiff for each work week.

Filing # 35367638 E-Filed 12/09/2015 07:23:00 PM

# COMPOSITE

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:15-cv-24129**

**NANCY NAWAZ, IDIS F. SOBALVARRO,
MARIELA LOPEZ, TANIA MORO, DR.
LOLITA MCCARTHY, VENESSIA NORVIL,
DIANA DEL RIO, YOLANDA FUGUET, and
ALEXIS FLOWERS, on behalf of themselves and
all others similarly situated,**

         **Plaintiffs,**

**v.**

**DADE MEDICAL COLLEGE, INC.,
UNIVERSITY OF SOUTHERNMOST
FLORIDA, INC., and ERNESTO PEREZ,**

         **Defendants.**

_____/

## SUGGESTION OF ASSIGNMENT FOR BENEFIT OF CREDITORS FOR DADE MEDICAL COLLEGE, INC. AND UNIVERSITY OF SOUTHERNMOST FLORIDA, INC.

**YOU ARE HEREBY** notified that the Assignee, Philip J. Von Kahle, as Assignee for the benefit of creditors of the Assignors, Dade Medical College, Inc. and University of Southernmost Florida, Inc. ("Assignors") filed Petitions for Assignment for the Benefit of Creditors (the "Petitions") on November 13, 2015, in the matters styled *In re:* Dade Medical College, Inc., *Assignor, To Philip J. Von Kahle, Assignee, Case No.: 2015-026592-CA-01* and *In re:* University of Southernmost Florida, Inc., *Assignor, To Philip J. Von Kahle, Assignee, Case No.: 2015-026599-CA-01*, respectively, in the Miami-Dade Circuit Court (collectively, the "Assignment Cases"). You are advised that, with the filing of the Petitions, all property of the Assignors, both real and personal, became subject to the jurisdiction of the Miami-Dade Circuit Court in the Assignment Cases pursuant to the provisions of Chapter 727, Florida Statutes.

The filing of the Petitions operate as an automatic stay of the commencement or continuance of any action against the Assignee as set more specifically in §727.105, *et. seq.*

The filing of this Suggestion of Assignment is not intended by the undersigned counsel or the Assignors to be a general appearance in this cause.  True and correct copies of the Petitions are attached hereto.

**DATED** this 23rd day of November, 2015.

GENOVESE JOBLOVE & BATTISTA, P.A.
Attorneys for Assignors
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:   /S/ Heather L. Harmon
          Paul J. Battista, Esq.
          Florida Bar No. 884162
          pbattista@gjb-law.com
          Allison R. Day
          Florida Bar No. 494097
          aday@gjb-law.com
          Heather L. Harmon, Esq.
          Florida Bar No. 013192
          hharmon@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF electronic notice, electronic mail and/or via U.S. Mail, postage pre-paid, to all parties listed on the attached service list on this 23rd day of November, 2015.

By:   /s/ Heather L. Harmon
          Heather L. Harmon, Esq.

## SERVICE LIST

**Diane Patricia Perez, Esq.**
diane@dianeperezlaw.com
Diane Perez, P.A.
201 Alhambra Circle
Suite 1200
Coral Gables, FL 33134
Attorney for Plaintiffs

**Kevin David Smith, Esq.**
Law Offices of Kevin D. Smith, P.A.
6099 Stirling Road
Suite 101
Davie, FL 33314
954-797-9626
Fax: 954-239-3956
Email: kevin@kdsmithlaw.com
Attorney for Plaintiffs

**Carlos E. Sardi, Esq.**
SARDI LAW PLLC
225 Alcazar Avenue
Coral Gables, FL 33134
Tel: 305-697-8690
Fax: 305-697-8691
Email: carlos@sardilaw.com
Attorney for Plaintiffs

**Jordi Guso, Esq.**
jguso@bergersingerman.com
Berger Singerman
1450 Brickell Avenue
Suite 1900
Miami, FL 33131
Attorney for Philip J. Von Kahle

DUE TO VOLUME, EXHIBITS TO ASSIGNOR'S NOTICE HAVE NOT BEEN INCLUDED.

FULL COPY OF DOCUMENT WILL BE MADE AVAILABLE TO THE COURT AND ANY PARTY IN INTEREST UPON REQUEST

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**CASE NO. 1:15-24108-CV-HUCK/OTAZO-REYES**

**NANCY NAWAZ, IDIS F. SOBALVARRO,
MARIELA LOPEZ, TANIA MORO, DR.
LOLITA MCCARTHY, VENESSIA NORVIL,
DIANA DEL RIO, YOLANDA FUGUET, and
ALEXIS FLOWERS, on behalf of themselves and
all others similarly situated,**

          **Plaintiffs,**

**v.**

**DADE MEDICAL COLLEGE, INC. and
UNIVERSITY OF SOUTHERNMOST
FLORIDA, INC.**

          **Defendants.**

_____/

## SUGGESTION OF ASSIGNMENT FOR BENEFIT OF CREDITORS FOR DADE MEDICAL COLLEGE, INC. AND UNIVERSITY OF SOUTHERNMOST FLORIDA, INC.

**YOU ARE HEREBY** notified that the Assignee, Philip J. Von Kahle, as Assignee for the benefit of creditors of the Assignors, Dade Medical College, Inc. and University of Southernmost Florida, Inc. ("Assignors") filed Petitions for Assignment for the Benefit of Creditors (the "Petitions") on November 13, 2015, in the matters styled *In re:* Dade Medical College, Inc., *Assignor, To Philip J. Von Kahle, Assignee, Case No.: 2015-026592-CA-01* and *In re:* University of Southernmost Florida, Inc., *Assignor, To Philip J. Von Kahle, Assignee, Case No.: 2015-026599-CA-01*, respectively, in the Miami-Dade Circuit Court (collectively, the "Assignment Cases"). You are advised that, with the filing of the Petitions, all property of the Assignors, both real and personal, became subject to the jurisdiction of the Miami-Dade Circuit Court in the Assignment Cases pursuant to the provisions of Chapter 727, Florida Statutes.

The filing of the Petitions operate as an automatic stay of the commencement or continuance of any action against the Assignee as set more specifically in §727.105, *et. seq.*

The filing of this Suggestion of Assignment is not intended by the undersigned counsel or the Assignors to be a general appearance in this cause. True and correct copies of the Petitions are attached hereto.

**DATED** this 18th day of November, 2015.

**GENOVESE JOBLOVE & BATTISTA, P.A.**
Attorneys for Assignors
100 Southeast Second Street, Suite 4400
Miami, Florida 33131
Telephone: (305) 349-2300
Facsimile : (305) 349-2310

By:   /S/ Allison R. Day
   Paul J. Battista, Esq.
   Florida Bar No. 884162
   pbattista@gjb-law.com
   Allison R. Day
   Florida Bar No. 494097
   aday@gjb-law.com
   Heather L. Harmon, Esq.
   Florida Bar No. 013192
   hharmon@gjb-law.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served via CM/ECF electronic notice and/or via U.S. Mail, postage pre-paid, to all parties listed on the attached service list on this 18th day of November, 2015.

By:   /s/ Allison R. Day
   Allison R. Day, Esq.

## <u>SERVICE LIST</u>

**Diane Patricia Perez, Esq.**
<u>diane@dianeperezlaw.com</u>
Diane Perez, P.A.
201 Alhambra Circle
Suite 1200
Coral Gables, FL 33134
Attorney for Plaintiffs

**Jordi Guso, Esq.**
<u>jguso@bergersingerman.com</u>
Berger Singerman
1450 Brickell Avenue
Suite 1900
Miami, FL  33131
Attorney for Philip J. Von Kahle

DUE TO VOLUME, EXHIBITS TO ASSIGNOR'S NOTICE HAVE NOT BEEN INCLUDED.

FULL COPY OF DOCUMENT WILL BE MADE AVAILABLE TO THE COURT AND ANY PARTY IN INTEREST UPON REQUEST

CASE NO.: 1:15-cv-24129

22.     Further, at the time of termination, Defendants had failed to pay Plaintiffs their accrued, unused Paid Time Off ("PTO") despite a policy in Defendants' Employee Handbook that provides for PTO to be paid out. Based upon information and belief, Defendants previously had paid out PTO to employees terminated without cause but failed to pay such PTO out to Plaintiffs.

23.     Common questions of law and fact exist as to members of the Unpaid Wage Class (Count III), including, but not limited to, the following:

(a)     Whether Defendants, as single employers, failed to pay Plaintiffs those wages Defendants agreed to pay Plaintiffs in exchange for the work they performed on Defendants behalf;

(b)     Whether Defendants failed to pay Plaintiffs for the work they performed during the pay period beginning on October 11, 2015 and ending on October 25, 2015 and the pay period beginning on October 26, 2015 and ending on October 30, 2015;

(c)     Whether Plaintiffs were unable to cash Defendants' payroll checks for the two-week pay period of September 27, 2015 through October 10, 2015 due to insufficient funds and as a result, incurred bank fees;

(d)     Whether Defendants have reimburse business expenses to Plaintiffs;

(e)     Whether Plaintiffs had accrued, unused PTO and which Defendants refused to pay out.

24.     The Plaintiffs' claims are typical of those of the Unpaid Wages Class. The Plaintiffs, like other Unpaid Wage Class Members, worked for Defendants at all material times hereto and were not compensated for such work. Further, the Plaintiffs had accrued, unused PTO, which Defendants refused to pay out.

25.     The Plaintiffs will fairly and adequately protect the interests of the Unpaid Wages Class. The Plaintiffs have retained counsel competent and experienced in class litigation and counsel is competent to assert the interests of the class.

26.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Unpaid Wages Class predominate over any questions affecting only  individual members of the Unpaid Wages Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of unpaid wages litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and damages suffered by individual Unpaid Wages Class Members are small compared to the expense and burden of individual prosecution of this litigation.

27.     Concentrating all the potential litigation concerning the unpaid wages of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the wage rights of all the members of the Class.

## COUNT I: RECOVERY OF MINIMUM WAGE COMPENSATION (FLSA)
## AS TO ALL PLAINTIFFS

28.     Plaintiffs adopt and re-allege, as if fully set forth herein, the allegations contained in paragraphs 1 through 21 above.

29.     Plaintiffs were entitled to be paid at no less than the Federal Minimum Wage of $7.25 per hour for all hours worked on behalf of Defendants during the time period relevant to this Complaint.

30.     Defendants knowingly and willfully failed to pay Plaintiffs any wages whatsoever for the work performed for Defendants between approximately September 27, 2015, and October 30, 2015.

CASE NO.: 1:15-cv-24129

31.     By reason of said intentional, willful, and unlawful acts of Defendants, all Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

32.     As a result of Defendants' willful violations of the FLSA, all Plaintiffs are entitled to liquidated damages from Defendants.

33.     Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), non-exempt and exempt Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

        **WHEREFORE**, Plaintiff demands judgment, jointly and severally, against Defendants for the payment of all hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT II: RECOVERY OF OVERTIME COMPENSATION (FLSA) AS TO ALL NON-EXEMPT PLAINTIFFS

34.     The Non-Exempt Plaintiffs adopt and reallege, as if fully set forth herein, the allegations contained in paragraphs 1 through 21 above.

35.     The Non-Exempt Plaintiffs are entitled to be paid time and one-half of their regular rates of pay for each hour worked for Defendants in excess of forty (40) hours per week at all material times hereto.

36.     At all material times hereto, Defendants knowingly and willfully failed to pay the Non-Exempt Plaintiffs at time and one-half of their regular rate of pay for all hours worked in excess of forty (40) per week.

37.     By reason of the said intentional, willful, and unlawful acts of Defendants, all the Non-Exempt Plaintiffs have suffered damages plus incurred costs and reasonable attorneys' fees.

38.     As a result of Defendants' willful violations of the FLSA, all the Non-Exempt Plaintiffs are entitled to liquidated damages from Defendants.

39.     The Non-Exempt Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

WHEREFORE, the Non-Exempt Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all overtime hours at one and one-half their regular rate of pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## COUNT III: BREACH OF ORAL CONTRACT – RECOVERY OF UNPAID WAGES AS TO ALL PLAINTIFFS (FLA. STAT. §448.08)

40.     Plaintiffs adopt and re-allege, as if fully set forth herein, the allegations contained in paragraphs 1 through 28 above.

41.     Plaintiffs all worked for Defendants between approximately September 27, 2015, and October 30, 2015 in exchange for certain hourly or weekly rates and/or commissions as promised and agreed to by Defendants.

42.     Defendants, however, failed to pay Plaintiffs their wages as promised. For the pay period beginning September 27, 2015, through October 10, 2015, a number of paychecks issued to Plaintiffs were returned for insufficient funds. Defendants never issued replacement checks. For the pay periods beginning October 11, 2015, through October 30, 2015, Defendants failed to pay any wages to Plaintiffs.

43.     Defendants promised and agreed to reimburse Plaintiffs their incurred business expenses. Defendants, however, failed to do so.

25.     At all relevant times, Plaintiffs and the other similarly situated former employees were employees of Defendants as that term is defined by 29 U.S.C. §2101.

26.     On or about October 30, 2015, the Defendants ordered a mass layoff and/or plant closing at the Corporate Offices and the Campuses, as that term is defined by 29 U.S.C. §2101(a)(2). Defendants have not continued to pay wages or benefits for Plaintiffs.

27.     The mass layoff and/or plant closing at the Corporate Offices and the Campuses resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2), in that at least fifty of Defendants' employees as well as 33% of Defendants' workforce both at the Corporate Offices and at the Campuses, excluding "part-time employees," as that term is defined by 29 U.S.C. §2101(a)(8), were discharged from their employment on or about October 30, 2015 and no assurance to continue to pay wages and benefits to Plaintiffs or the WARN Class Members was ever made by Defendants.

28.     The Plaintiffs and the WARN Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoff and/or plant closing ordered by Defendants at the Corporate Offices and the Campuses.

29.     The Plaintiffs and the WARN Class Members are "affected employees" of the Defendants, within the meaning of 29 U.S.C. §2101(a)(5).

30.     Defendants were required by the WARN Act to give the Plaintiffs and the WARN Class Members at least 60 days advance written notice of their terminations or to continue to pay them their wages during such time.

31.     Defendants failed to give the Plaintiffs and the WARN Class Members written notice that complied with the requirements of the WARN Act.

8

CASE NO.: 1:15-cv-24129

44.     Further, Defendants promised and agreed to payout to Plaintiffs all accrued and unused PTO. Defendants, however, failed to do so.

45.     Plaintiffs have retained the undersigned counsel to represent them in this act, and pursuant to Fla. Stat. §448.08, Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendants.

**WHEREFORE**, Plaintiffs demand judgment, jointly and severally, against Defendants for the payment of all wages, including commissions, accrued, unused PTO, bank fees, reasonable attorneys' fees and costs of suit, and for all other proper relief, including interest.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand trial by jury of all issues so triable as a right by a jury.

Respectfully submitted this 9 day of November, 2015.

By:     /s/ Diane P. Perez
Diane P. Perez, Esq. (41869)
**DIANE PEREZ, P.A.**
201 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone:  (305) 985-5676
Facsimile:  (305) 985-5677
E-mail: *diane@dianeperezlaw.com*
Attorney for Plaintiffs and the putative class
/s/ Kevin D. Smith
Kevin D. Smith, Esq. (0528137)
E-mail: *kevin@kdsmithlaw.com*
**LAW OFFICES OF KEVIN D. SMITH, P.A.**
6099 Stirling Road, Suite 101
Davie, Florida 33134
Telephone: (954) 797-9626
Facsimile: (954) 239-3956
Attorney for Plaintiffs and the putative class

- 10 -

JAL   Document 45-1   Entered on FLSD Docket 12/11/2015   Page 71 of 81

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day on all counsel or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/ Diane P. Perez
Attorneys for Plaintiffs

### Service List

Dade Medical College, Inc. (via U.S. Mail)
C/O Jonathan R. Janeiro, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

University Of Southernmost Florida, Inc. (via U.S. Mail)
C/O Ernesto Perez, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

Ernesto Perez (via U.S. Mail)
1020 Sorolla Ave.
Coral Gables, FL 33134
Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NANCY NAWAZ, IDIS F. SOBALVARRO,
MARIELA LOPEZ, TANIA MORO, DR.
LOLITA MCCARTHY, VENESSIA NORVIL,
DIANA DEL RIO, YOLANDA FUGUET,
ALEXIS FLOWERS, et al. on behalf of
themselves and all others similarly situated,

Case No. 1:15cv24108

CLASS ACTION  (AMENDED)
COMPLAINT

**Plaintiffs**

v.

DADE MEDICAL COLLEGE, INC. and
UNIVERSITY OF SOUTHERNMOST
FLORIDA, INC.,

**Defendants.**

## CLASS ACTION (AMENDED) COMPLAINT

Plaintiffs, NANCY NAWAZ, IDIS F. SOBALVARRO, MARIELA LOPEZ, TANIA

MORO, DR. LOLITA MCCARTHY, VENESSIA NORVIL, DIANA DEL RIO, YOLANDA

FUGUET, ALEXIS FLOWERS, MARILIA VAN KEEKEN, ALEJANDRA MOLINA,

VIRGINIA HERNANDEZ, WILLIAM ORTA, ANA MONTANO, GUILLERMO CRUZ,

DANIELA GOMEZ, MARIE JEROME, NELVA PUERTOLAS, LISSETTE PARADELA,

MICHELLE OSES, MAYRA BOLOIX, MARIA PACHECO, CORAZON RICH, ELLEN

BEDU, MANUEL COSTALES, LENSY LEON, EMILIA GONZALEZ, JESSICA PEREZ,

OMAR BALBOA, EDWIN CARTER, JR., MAIBY BALBOA, TIFFANY SOSA, KATRINA

BROOKS, CAROLINA CHICA, LEOPOLD CHERRY, YOHANA RAVELO and CLARA

VELOSA (collectively, "Plaintiffs"), on behalf of themselves and the class of those similarly

situated, sue Defendants, DADE MEDICAL COLLEGE, INC. ("Dade Medical College") and

UNIVERSITY OF SOUTHERNMOST FLORIDA, INC. ("University of Southernmost Florida")

(collectively, Defendants"), and allege as follows:

## NATURE OF THE CASE

1.      Plaintiffs bring this action on behalf of themselves and the 400 or more other similarly-situated former employees who were terminated in this mass layoff and/or plant closing from Defendants' facilities on or about October 30, 2015.  These employees were not provided 60-days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 et seq. (the "WARN Act"), nor have they continued to receive wages.

2.      Plaintiffs and all similarly situated employees seek to recover 60 days' wages and benefits, pursuant to 29 U.S.C. §2104, from Defendants.

## JURISIDCTION AND VENUE

3.      Jurisdiction is conferred on the Court by 28 U.S.C. § 1337 and (a) 29 U.S.C. §2104(a)(5).

4.      Venue is appropriate in the U.S. District Court for the Southern District of Florida because Plaintiffs were employed in the Southern District of Florida by Defendants, which at all material times conducted business in the Southern District of Florida and/or because the acts that give rise to Plaintiffs' claims occurred within the Southern District of Florida and/or because Defendants are subject to personal jurisdiction within the district. Venue is proper in this Court pursuant to 29 U.S.C. §2104(a)(5).

2

## THE PARTIES

5.      Plaintiffs are individuals and citizens of Florida, who at all material times hereto have resided in Miami-Dade, Broward, Palm Beach and/or Duval Counties, Florida .  Plaintiffs are over the age of 18 and otherwise *sui juris.*

6.      Plaintiffs were employed by Defendants and worked for Defendants throughout the state of Florida.

7.      Defendant Dade Medical College is a Florida corporation that at all material times hereto conducted business throughout the state of Florida. Upon information and belief, Defendant Dade Medical College was at all relevant times a Florida corporation, maintaining its headquarters at 95 Merrick Way, Suite 700, Coral Gables, FL 33134, and maintained and operated other facilities as that term is defined by the WARN Act, in Florida. Those facilities were located at:

   a.   3721-1 N.W. 7th Street, Miami, FL 33126 (the "Miami Campus");

   b.   5875 N.W. 163rd Street, Suite 101, Miami Lakes, FL 33014 (the "Miami Lakes Campus");

   c.   107 N. Krome Avenue, Homestead, FL 33030 (the "Homestead Campus");

   d.   6837 Taft Street, Hollywood, FL 33024 (the "Hollywood Campus");

   e.   2601 S. Military Trail, West Palm Beach, FL 33415 (the "West Palm Beach Campus"); and

   f.   9950 Regency Square Blvd., Suite 1200, Jacksonville, FL 32225 (the "Jacksonville Campus")

(collectively, the "Dade Medical Campuses").

8.     Defendant University of Southernmost Florida is a Florida corporation that at all material times hereto conducted business throughout the state of Florida. Upon information and belief, Defendant University of Southernmost Florida was at all relevant times a Florida corporation, maintaining its headquarters at 95 Merrick Way, Suite 700, Coral Gables, FL 33134, and maintained and operated other facilities as that term is defined by the WARN Act, including at 2222 Ponce de Leon Blvd., Suite 500, Coral Gables, FL 33134 (the "USMF Campus") (collectively, the "Dade Medical Campuses" and the "USMF Campus" referred to herein as the "Campuses."

9.     Both Defendant Dade Medical College and Defendant University of Southernmost Florida have common ownership, common directors and/or officers, and dependency of operations. Indeed, the same directors and/or officers made the decision to order the mass layoffs and/or plant closings and terminated the Plaintiffs and the other similarly-situated employees without notice.

10.    Both Defendant Dade Medical College and Defendant University of Southernmost Florida also have unity of personnel policies, including, but not limited to, the same handbook (among other policies). Defendant Dade Medical College also exercises control over Defendant University of Southernmost Florida.

## WARN ACT CLASS ALLEGATIONS

11.    Plaintiffs bring the First Claim for Relief for violation of 29 U.S.C. § 2101 *et seq.* on their own behalves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a) and (b), who worked at or reported to Defendants' Corporate Headquarters or any of Defendants' Campuses and were terminated without cause on or about October 30, 2015 or were terminated without cause as the

4

reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about October 30, 2015, and who are affected employees within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

12.    The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

13.    The identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records, including electronic records, of Defendants.

14.    On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination are contained in the books and records, including electronic records, of Defendants.

15.    Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

      (a)    whether the members of the WARN Class were employees of the Defendants who worked at or reported to the Corporate Headquarters or any of Defendants' Campuses;

      (b)    whether Defendants, as a single employer, unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

      (c)    whether Defendants' unlawfully failed to pay the WARN Class Members 60 days' wages and benefits as required by the WARN Act.

16.    The Plaintiffs' claims are typical of those of the WARN Class. The Plaintiffs, like other WARN Class Members, worked at or reported to either the Corporate Headquarters or any

5

of the Campuses and were terminated without cause on or about October 30, 2015 due to the mass layoffs and/or plant closings ordered by Defendants.

17.     The Plaintiffs will fairly and adequately protect the interests of the WARN Class. The Plaintiffs have retained counsel competent and experienced in class litigation and counsel is competent to assert the interests of the class.

18.     Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only  individual members of the WARN Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant and damages suffered by individual WARN Class Members are small compared to the expense and burden of individual prosecution of this litigation.

19.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

20.     Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## CLAIMS FOR RELIEF

### WARN Act Cause of Action

21.    Plaintiffs reallege and incorporate by reference the allegations contained in paragraphs 1 through 20.

22.    At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of overtime hours, within the United States.

23.    At all relevant times, Defendants constituted an "employer," as that term is defined in 29 U.S.C. §2101(a)(1) and 20 C.F.R. §639(a), and continued to operate as a business until they decided to order a mass layoff and/or plant closing at the Corporate Offices the Campuses.

24.    The Defendants constituted a "single employer" of the Plaintiffs and the WARN Class Members under the WARN Act in that, among other things:

  a. The Defendants shared common ownership;

  b. The Defendants shared common officers and directors;

  c. All of the Defendants exercised de facto control over the labor practices governing the Plaintiffs and WARN Class Members, including the decision to order the mass layoff and/or plant closing at the Corporate Offices and the Campuses.

  d. There was a unity of personnel policies emanating from a common source between Defendants;

  e. There was a dependency of operations between Defendants.

7

32.    The Plaintiffs and each of the WARN Class Members are "aggrieved employees" of the Defendants, as that term is defined in 29 U.S.C. §2104(a)(7).

33.    Defendants failed to pay the Plaintiffs and each of the WARN Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations and failed to make the pension and 401(k) contributions and provide employee benefits under ERISA for 60 days from and after the dates of their respective terminations.

34.    The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs, on behalf of themselves and on behalf of all other similarly situated persons, pray for the following relief as against Defendants:

A.    Certification of this action as a class action;

B.    Designation of the Plaintiffs as Class Representatives;

C.    Appointment of the undersigned attorneys as Class Counsel; and

D.    A judgment in favor of the Plaintiffs and each of the other similarly situated former employees equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the WARN Act, 29 U.S.C. §2104(a)(1)(4).

E.      Plaintiffs' reasonable attorneys' fees and the costs and disbursements that the

Plaintiffs incurred in prosecuting this action, as authorized by the WARN Act, 29

U.S.C. §2104(a)(6); and

F.      All such other and further relief as this Court may deem just and proper.

Respectfully submitted this $\underline{9^{th}}$ day of November, 2015.

> /s/ Diane P. Perez
> Diane P. Perez, Esq. (41869)
> E-mail: *diane@dianeperezlaw.com*
> **DIANE PEREZ, P.A.**
> 201 Alhambra Circle, Suite 1200
> Coral Gables, Florida 33134
> Telephone:  (305) 985-5676
> Facsimile:  (305) 985-5677
> Attorney for Plaintiffs and the putative class
>
> /s/ Kevin D. Smith
> Kevin D. Smith, Esq. (0528137)
> E-mail: *kevin@kdsmithlaw.com*
> **LAW OFFICES OF KEVIN D. SMITH, P.A.**
> 6099 Stirling Road, Suite 101
> Davie, Florida 33134
> Telephone: (954) 797-9626
> Facsimile: (954) 239-3956
> Attorney for Plaintiffs and the putative class

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2015, I electronically filed the foregoing document

with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing

document is being served this day on all counsel or pro se parties identified on the attached

Service List in the manner specified, either via transmission of Notices of Electronic Filing

generated by CM/ECF or in some other authorized manner for those counsel or parties who are

not authorized to receive electronically Notices of Filing.

/s/ Diane P. Perez
Attorneys for Plaintiffs

## Service List

Dade Medical College, Inc. (via U.S. Mail)
C/O Jonathan R. Janeiro, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

University Of Southernmost Florida, Inc. (via U.S. Mail)
C/O Ernesto Perez, Registered Agent
95 Merrick Way, Suite 700
Coral Gables, FL 33134
Defendant

Ernesto Perez (via U.S. Mail)
1020 Sorolla Ave.
Coral Gables, FL 33134
Defendant

11