UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24129-CIV-LENARD/GOODMAN

NANCY NAWAZ, et al.,

    Plaintiffs,

v.

DADE MEDICAL COLLEGE INC., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS CONCERNING DAMAGES

Plaintiffs filed a Motion for Default Judgment. [ECF No. 90]. United States District Judge Joan A. Lenard granted the motion for default judgment as to liability. [ECF No. 93]. She then referred the final determination of Plaintiffs' damages claims to the Undersigned. [ECF No. 94].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court direct Defendants, Dade Medical College, Inc., University of Southernmost Florida, Inc., and Ernesto Perez (collectively, "Defendants"), jointly and severally, to pay Plaintiffs and the class damages in the amount of $968,241.85, exclusive of fees and taxable costs, and that the District Court direct the Clerk to issue a judgment consistent with its ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

This is an action for unpaid minimum wage and overtime violations under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and unpaid wages under Florida common law and Section 448.08 of the Florida Statutes. [ECF No. 33]. Plaintiffs are former employees of Defendants, who brought this action on behalf of all similarly-situated former employees of Defendants who worked during the work weeks of September 27, 2015 through October 23, 2015, (the "Relevant Work Weeks") and who did not receive their wages, including the federal minimum wage and/or overtime compensation. Plaintiffs also brought this action seeking, under a breach of agreement cause of action, the payment of accrued, unused paid time off, unreimbursed business expenses, and bank fees incurred by Plaintiffs because of payroll checks that were returned for insufficient funds. [ECF No. 33].

Plaintiffs moved for entry of default judgment against Defendants on March 4, 2016, due to Defendants' failure to appear and defend.[1] [ECF No. 90]. On March 14, 2016, Judge Lenard granted Plaintiffs' Motion for Default Judgment as to Liability [ECF No. 93] and entered an Order referring all proceedings regarding damages to the Undersigned, pursuant to 28 U.S.C. § 363. [ECF No. 94]. On March 18, 2016, the Undersigned held a telephonic status conference, which was attended only by counsel

---

[1] On November 10, 2015, Defendants were served with the Amended Complaint in this action. [ECF No. 90-1]. Defendants' deadline to respond to the Amended Complaint was on or before December 1, 2015, but Defendants never responded.

2

for Plaintiffs, during which the Undersigned ordered Plaintiffs to provide the Court, upon the expiration of the deadline for prospective plaintiffs to provide notice of their decisions to opt-in and/or out, with updated necessary information for damages calculations. [ECF No. 97].

On July 25, 2016, Plaintiffs filed additional damages information with the Court. [ECF No. 154]. On August 2, 2016, the Undersigned held a second telephonic hearing attended only by Plaintiffs' counsel and issued a Post-Hearing Administrative Order requiring Plaintiffs to submit to the Court a supplemental spreadsheet and related affidavit as to damages. [ECF No. 158]. Plaintiffs did so on August 24, 2016. [ECF No. 161, 161-1]. As of the date of this Report and Recommendations, Defendants have not made an appearance in this action.

## STANDARD OF REVIEW

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Isaula v. Chicago Rest Grp., LLC*, No. 13-CV-24387-JLK, 2014 U.S. Dist. LEXIS 98256, at * 1 (S.D. Fla. July 11, 2014) (quoting *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)). It is well-settled that "a judgment by default may not be entered without a hearing [on damages] unless the amount claimed is a liquidated sum or one capable of mathematical calculation." *UA Corp. v. Freeman*, 605

F.2d 854, 857 (5th Cir. 1979) (citation omitted). But where the essential evidence regarding damages is before the Court, such a hearing may be unnecessary. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n. 13 (11th Cir. 2005).

A plaintiff has the burden of proving the amount of damages to be awarded. When the employer has violated its duty to keep adequate records, the employee satisfies this burden by producing "sufficient evidence to prove that he 'performed work for which he was improperly compensated' and 'sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference.'" *McLaughlin v. Stineco, Inc.*, 697 F.Supp. 436, 450 (M.D. Fla. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). If the employer does not come forward with evidence of the precise amount of work performed or other evidence to negate the plaintiff's *prima facie* case, then the "court may award approximate damages based on the employee's evidence." *Id.; see also Etienne v. Inter-County Sec. Corp.*, 173 F.3d 1372, 1375 (11th Cir. 1999).

## ANALYSIS

Plaintiffs rely on the affidavit of their counsel, Diane P. Perez, Esq. [ECF No. 161], and an attached spreadsheet [ECF No. 161-1], to establish the compensation owed to Plaintiffs and the class members under the FLSA and Section 448.08 of the Florida Statutes. It is well-established that "where an employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes . . . an employee has

carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Etienne*, 173 F.3d at 1375. In this case, Defendants have defaulted. Thus, the Undersigned finds that Ms. Perez's affidavit and its attached spreadsheet provides an adequate basis for calculating damages.

Under the FLSA, Plaintiffs/Opt-In Plaintiffs are entitled to receive the applicable minimum wage and one-half times the regular rate of pay for all hours worked in excess of 40 in a work week. *See* 29 U.S.C. §§ 206-207. The Court finds the minimum wage and overtime wages owed to each Plaintiff/Opt-In Plaintiff are properly reflected in the spreadsheet attached to Ms. Perez's affidavit. [ECF No. 161-1].

Because Defendants have not presented a defense that their failure to pay the applicable minimum wage and overtime was in good faith, the Court must also require Defendants to pay liquidated damages in an additional amount equal to "the amount of . . . [the employee's] unpaid . . . compensation." 29 U.S.C. §§ 216(b), 260; *Weisel v. Singapore Joint Venture, Inc.*, 602 F.2d 1185, 1191 n. 18 (5th Cir. 1979). The Court finds the liquidated damages owed to each Plaintiff/Opt-In Plaintiff are also properly reflected in the spreadsheet attached to Ms. Perez's affidavit. [ECF No. 161-1].

Under Florida law, Plaintiffs and the class members are also entitled to recover their unpaid wages, bank fees, and accrued, unused PTO. *See, e.g., Friedman v. N.Y. Life*

*Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008) (for breach of a contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach). The Court therefore finds the total amount of damages reflected in ECF No. 161-1 is appropriate to be awarded against Defendants.

The FLSA mandates that in any action brought by an employer to enforce § 207, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Section 448.08 of the Florida Statutes further provides that a Court may award reasonable attorney's fees and costs to the prevailing party in a suit for unpaid wages. The Undersigned finds that Plaintiffs, as the prevailing parties, are entitled to an award of reasonable attorneys' fees and taxable costs against Defendants. The amount of such award is to be determined by the Court upon the filing by Plaintiffs of a Motion for Attorneys' Fees and Costs.

## RECOMMENDATIONS

Accordingly, the Undersigned **respectfully recommends** that the District Court order Defendants to pay Plaintiffs and the class damages in the amount of $968,241.85, exclusive of fees and taxable costs, the amount of which shall be decided after proper motion, and that the District Court direct the Clerk to issue a judgment consistent with its ruling on this Report and Recommendations.

## **OBJECTIONS**

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Joan A. Lenard. Each party may file a response to the other party's objection within fourteen (14) days of the objection. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on November 23, 2016.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All counsel of record