UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 15-24129-CIV-LENARD/GOODMAN

NANCY NAWAZ, et al.,

    Plaintiffs,

v.

DADE MEDICAL COLLEGE INC., et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATIONS ON PLAINTIFFS' AMENDED VERIFIED MOTION FOR ATTORNEYS' FEES AND COSTS

Plaintiffs move for an award of attorneys' fees and costs following the Court's January 20, 2017 Final Default Judgment. [ECF Nos. 168; 171]. United States District Judge Joan A. Lenard referred the motion to the Undersigned for a Report and Recommendations. [ECF No. 172].

For the reasons stated below, the Undersigned **respectfully recommends** that the District Court **grant in part and deny in part** Plaintiffs' Amended Verified Motion for Attorneys' Fees and Costs. It is recommended that the Court award Plaintiffs' counsel **$297,540.72**, which is 30.73% of the $968,241.85 common fund, plus post-judgment interest on that amount beginning on January 20, 2017.

    **I.**    **Background**

Plaintiffs brought an action for unpaid minimum wage and overtime violations

under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA") and unpaid wages under Florida common law and Section 448.08 of the Florida Statutes. [ECF No. 33]. Plaintiffs are former employees of Defendants, and they brought this action on behalf of all similarly-situated former employees who worked during certain weeks and who did not receive their wages, including the federal minimum wage or overtime compensation. Plaintiffs also brought this action seeking, under a breach of agreement cause of action, the payment of accrued, unused paid time off, unreimbursed business expenses, and bank fees incurred by Plaintiffs because of payroll checks that were returned for insufficient funds. [ECF No. 33].

After Defendants failed to defend this action, Judge Lenard granted Plaintiffs' motion for default judgment as to liability and referred all proceedings regarding damages to the Undersigned. [ECF Nos. 93–94]. The Undersigned recommended a damage award in Plaintiffs' favor and against Defendants of $968,241.85. [ECF No. 164]. Judge Lenard adopted the recommendation and entered a Final Default Judgment for that amount on January 20, 2017. [ECF Nos. 167–68].

Plaintiffs moved for an award of attorneys' fees and costs. [ECF No. 169]. But rather than simply asking for costs and fees based on a lodestar calculation (i.e., an amount equal to the attorneys' reasonable rates times a reasonable amount of hours spent), Plaintiffs asked for an order:

> (1) awarding them attorneys' fees in the amount of $44,085.50 and costs in the amount of $1,301.19 as the prevailing party to be added to the

> Common Fund;
>
> (2) award[ing] Plaintiffs post-judgment interest on the amount of attorneys' fees and costs awarded running from January 20, 2017;
>
> (3) awarding from the Common Fund to Plaintiffs' counsel attorneys' fees in the amount of one-third of the total recovery in this action; [and]
>
> (4) awarding from the Common Fund to Plaintiffs' counsel reimbursement of $1,301.19 in expenses that were incurred in prosecuting this action[.]

[ECF No. 169, p. 17].

As Plaintiffs explained it, the $44,085.50 was calculated using the lodestar method. [ECF No. 169, p. 4]. Plaintiffs contend that the respective rates of their two attorneys -- $305 an hour for Diane P. Perez and $350 an hour for Kevin D. Smith -- are reasonable rates. [ECF No. 169, pp. 4–6]. Plaintiffs also contend that the amount of hours their counsel expended -- 120.10 hours for Perez and 21.30 hours for Smith, totaling 141.40 hours -- was likewise reasonable. [ECF No. 169, pp. 7–8]. Accordingly, Plaintiffs argue that, under a lodestar calculation, $44,085.50 would be a reasonable fee award.

Here is where the motion took a turn. Rather than asking that the actually-incurred fees and costs be awarded directly to their counsel, Plaintiffs asked the Court to place those monies into the common fund created for the benefit of the class members. [ECF No. 169, p. 9]. Plaintiffs then requested that the Court award their counsel "one-third of the total recovery in this action" and their costs. [ECF No. 169, p. 17].

3

Judge Lenard denied the motion for fees and costs without prejudice. [ECF No. 170]. Judge Lenard explained that there was nothing unusual about Plaintiffs' request for fees using the lodestar method and that "ordinarily the Court's analysis regarding fees would begin and end here." [ECF No. 170]. But as to the contingency-fee aspect of the request, Judge Lenard said that although Plaintiffs spent several pages arguing that contingency fee awards are appropriate in common-fund cases, Plaintiffs did not cite to any cases involving FLSA collective actions. [ECF No. 170].

As such, Judge Lenard denied the request for fees, but allowed Plaintiffs to "file an Amended Motion providing legal authority that supports her entitlement to a lodestar fee award and a contingency fee award." [ECF No. 170 (emphasis in original)]. Judge Lenard said that while "unfamiliar with any case law or statutory provision that would permit a double-recovery of fees," she would "consider any authority counsel can provide." [ECF No. 170]. And Judge Lenard wanted Plaintiffs to address in particular "how the law has changed since the Eleventh Circuit expressed serious doubt that contingency fee awards are appropriate in FLSA actions." [ECF No. 170 (citing *Silva v. Miller*, 307 Fed. App'x. 349, 351 (11th Cir. 2009); *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947); *Liberatore v. AAA Disc. Water Outlet-The Waterman, Inc.*, No. 616CV588ORL28GJK, 2016 WL 7385806, at *2 (M.D. Fla. Dec. 20, 2016))].

Plaintiffs filed an amended motion for fees and costs, which included new authorities and arguments. [ECF No. 171]. Specifically, Plaintiffs argued that this case

4

was both a Rule 23 class action and an FLSA class action, so while the Eleventh Circuit had not addressed the propriety of the common-fund method for fees in FLSA collective actions, it had approved them for class actions. [ECF No. 171, p. 11]. Plaintiffs also added that, although there is split in the district court cases, at least two district courts had approved such fees in FLSA collective actions. [ECF No. 171, p. 11]. In addition, Plaintiffs contended that of the $968,241.85 final judgment amount, just 6.72% of it, or $65,089.65, is attributable to Plaintiffs' FLSA damages. [ECF No. 171, pp. 3, 11].

As to *Silva*, Plaintiffs argued that "the Court did not hold that contingency fee agreements in FLSA actions are per se invalid." [ECF No. 171, p. 12]. Rather, according to Plaintiffs, "*Silva* stands for the narrow proposition that district courts must scrutinize attorneys' fees for reasonableness, including contingency fee agreements, to make sure counsel is adequately compensated and that no conflict of interest affected the recovery amount of the plaintiff." [ECF No. 171, p. 12]. And in light of that interpretation, Plaintiffs modified their contingency-fee request, lowering it from one-third of the common fund to 30.73% so that it was "in proportion to the amount of damages that was attributable to the non-FLSA claims." [ECF No. 171, p. 12].

The basis for Plaintiffs' damages breakdown, however, was not readily apparent from the amended motion or its supporting documents (or from elsewhere in the record). Thus, the Undersigned issued an order requiring Plaintiffs to file a supplement showing how they determined that only 6.72% of Plaintiffs' damages were attributable

5

to FLSA violations. [ECF No. 173].

Plaintiffs filed the supplement, which amended their previous statement as to the make-up of the monetary judgment. [ECF No. 176]. Plaintiffs explained that after calculating the liquidated damages they are entitled to recover under the FLSA, those damages actually equaled $89,689.12, or 9.26% of the total recovery. [ECF No. 176, p. 4]. Plaintiffs apologetically admitted that the smaller number in their amended motion was a "mathematical miscalculation" based on a "non-final version" of their damages spreadsheet. [ECF No. 176, p. 4]. Then Plaintiffs concluded that "[w]hile approximately two and a half percent higher, it remains true that the majority of the damages awarded by the Court in its Default Final Judgment arose not from violations of the FLSA but from violations of Florida common law and Fla. Stat. §448.08." [ECF No. 176, p. 4].

**II.    Analysis**

The Undersigned's analysis naturally begins where Judge Lenard also began: with the Eleventh Circuit questioning the validity of contingency fee agreements in FLSA cases. *Silva*, 307 F. App'x. at 351. The *Silva* Court rejected a forty-percent contingency fee award in an FLSA case that settled. *Id.* in doing so, the Court first looked at the language of the statute, which allows the plaintiff to recover "a reasonable attorney's fee to be paid by the defendant, and costs of the action." *Id.* (citing 29 U.S.C. § 216(b)). According to the Court, that meant that the FLSA intended an employee "to receive his full wages plus the penalty without incurring any expense for legal fees or

costs." *Id.* (internal citations omitted). The Eleventh Circuit also quoted a Second Circuit case that held, "We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]" *Id.* (quoting *Skidmore*, 160 F.2d at 531).

The Undersigned already had an opportunity to analyze *Silva* in another FLSA case: *Brenowitz v. Implant Seminars, Inc.*, No. 17-20184-CIV, 2017 WL 3438879 (S.D. Fla. Aug. 10, 2017). In *Brenowitz*, the Undersigned approved a 40% contingency fee award as reasonable given the unusual circumstances of that case -- i.e., the plaintiff's retaliation claim was premised on an atypical, attenuated legal theory, and the plaintiff faced significant defenses that could have eliminated any possibility of recovery. *Id.* at *3–4.

In so ruling, the Undersigned relied on the case of *Aguirre v. S. Florida Multispecialty Assocs. LLC*, No. 14-CIV-21660, 2014 WL 12539725 (S.D. Fla. Aug. 20, 2014), in which Judge Bloom interpreted *Silva* as not "dictat[ing] the conclusion that forty-percent is *per se* unreasonable under the FLSA." *Id.* at *1. Rather, it is "the Court's duty is to assess the reasonableness of such fees under the circumstances." *Id.* Judge Bloom ultimately approved a fee award of 40% of the total recovery. *Id.*

Furthermore, other judges in the Southern and Middle District of Florida have also approved common fund and contingency fee awards in FLSA cases. *See Encarnacion v. J.W. Lee, Inc.*, No. 14-CIV-61927, 2015 WL 6437686, at *4 (S.D. Fla. Oct. 22, 2015) (approving class action and FLSA collective action settlement of $6,000,000, which

7

included "27.4% [], or $1,641,686.06, as attorneys' fees and $18,763.94 for costs and expenses incurred in this Litigation, for a total of $1,660,450.00[.]"); *Hosier v. Mattress Firm, Inc.*, No. 3:10-CV-294-J-32JRK, 2012 WL 2813960, at *5 (M.D. Fla. June 8, 2012), *report and recommendation adopted*, 2012 WL 2838610 (M.D. Fla. July 10, 2012) (approving in an FLSA collective action "an award of attorneys' fees in the amount of $480,000 (which represents 30% of the common fund) to be paid from the common fund.").

The Undersigned is of the same opinion that *Silva* does not mandate a summary denial of Plaintiffs' request that their counsel receive a portion of the common fund as a fee award. Rather, the Undersigned will analyze whether the request for 30.73% of the common fund is reasonable under the specific circumstances of this case.

The Undersigned finds that the requested percentage award from the common fund is indeed reasonable. A 30.73% award from a common fund is very close to the "benchmark" that the Eleventh Circuit has established in common fund cases. *See, e.g., Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1294 (11th Cir. 1999). The Eleventh Circuit has explained that the "majority of common fund fee awards fall between 20% to 30% of the fund." *Id.* Therefore, the Eleventh Circuit has "directed district courts to view this range as a 'benchmark' which 'may be adjusted in accordance with the individual circumstances of each case[.]'"). To make those adjustments, the Court has instructed district courts to look at several factors. *See Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 772 n. 3 (11th Cir. 1991).

Plaintiffs offered arguments as to several of those factors. First, Plaintiffs maintain that they spent considerable time and effort in the case, including meeting in person with approximately 70 of the Plaintiffs and analyzing more than 1,000 pages of payroll records to compute damages. [ECF No. 171, p. 14].

Second, Plaintiffs argue that their counsels' work was excellent, having "marshaled considerable resources and devoted significant time in the investigation and litigation of this action." [ECF No. 171, p. 15].

Third, Plaintiffs argue that when their "counsel undertook to represent Plaintiffs in this matter, it was with the expectation that a significant amount of time and effort would be required in its prosecution, along with a large sum of out-of-pocket expenses." [ECF No. 171, p. 15]. Therefore, "[t]he time spent by Plaintiffs' counsel, both of which are sole practitioners, was at the expense of the time they could have devoted to other matters that could have generated income for their firms." [ECF No. 171, p. 15].

Fourth, Plaintiffs argue that the customary fee in class actions is a contingency fee award, which carries the substantial risk that counsel may not recover anything. [ECF No. 171, pp. 15–16].

Fifth, Plaintiffs argue that the results were outstanding because, thanks to the efforts of their counsel, who "subpoenaed and reviewed hundreds of pages of payroll records and then computed damages for Plaintiffs and the class," they obtained "100 percent of Plaintiffs' estimated best possible result." [ECF No. 171, p. 17].

Sixth, Plaintiffs argue that this case would be undesirable for other attorneys because of the possibility -- which came to fruition -- that Defendants would dissolve and leave no successor, leading to a "strong likelihood of little to no recovery[.]" [ECF No. 171, p. 17].

Seventh, Plaintiffs argue that "counsel's fee request of 30.73% is within the range of other common fund cases including those of [the] Eleventh Circuit and this district," and then cites to several cases for that proposition. [ECF No. 171, p. 17].

Of course, because Defendants have never defended this case, there is no opposition to Plaintiffs' arguments, and the Undersigned has no reason to doubt them. Thus, the Undersigned finds that Plaintiffs' counsels' request for 30.73% of the common fund towards their attorneys' fees and costs is reasonable.

As to the exact amount that percentage entails, however, the Undersigned parts ways with Plaintiffs. The exact amount Plaintiffs' counsel seeks is unclear because they never set forth an actual total amount. But their motion seems to indicate that counsel asks the Court to first award them "attorneys' fees in the amount of $44,085.50 and costs in the amount of $1,301.19 [] to be added to the Common Fund," and *then* award them "30.73% of the total recovery in this action" *plus* "$1,301.19 in expenses." [ECF No. 171, p. 19]. In other words, they do not simply want 30.73% of $968,241.85. They want the $44,085.50 in fees and $1,301.19 in costs to be added to the $968,241.85 common fund, and then to take 30.73% of that swelled-up number, plus $1,301.19 in costs off the top.

Plaintiffs' counsel is in fact asking for an impermissible double recovery. They cite no authority for their novel way of combining a lodestar award with a common-fund award. They should either get their lodestar amount or a contingency award; not both. Also, considering that counsel is already receiving a percentage fee award that is significantly higher than what was spent on an hourly basis, it is unreasonable to also award them costs over that percentage. The $1,301.19 is **subsumed** into the percentage award.

In sum, the Undersigned **respectfully recommends** that the Court **grant in part and deny in part** Plaintiffs' Amended Verified Motion for Attorneys' Fees and Costs. It is recommended that the Court award Plaintiffs' counsel **$297,540.72**, which is 30.73% of $968,241.85, plus post-judgment interest on that amount beginning on January 20, 2017.[1]

### III.   Objections

The parties will have seven days from the date of being served with a copy of this Report and Recommendations within which to file written objections, if any, with United States District Judge Joan A. Lenard. Each party may file a response to the other

---

[1] *See Martinec v. Party Line Cruise Co.*, 350 F. App'x 406, 408 (11th Cir. 2009) ("It is appropriate to impose post-judgment interest on awards of attorneys' fees and costs in an FLSA case."); *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1052 (11th Cir. 1994) (holding that interest accrual on attorney's fee awards under 28 U.S.C. § 1961 begins on the date of the merits judgment).

party's objection within seven days of the objection.[2] Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers, in Miami, Florida, on August 29, 2017.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Joan A. Lenard
All counsel of record

---

[2]     The time for objections and responses is being shortened because Plaintiffs have provided multiple memoranda on the fees and costs issue, and Defendants have not defended this case up to this point.